Paul STOUT, Petitioner-Appellant,

v.

William H. DALLMAN, Respondent-Appellee.

No. 73-1166.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 26, 1973.

Decided Feb. 22, 1974.

Theodore Knoebber (Court Appointed), Newport, Ky., on brief for petitioner.

Leo J. Conway, Asst. Atty. Gen., for respondent; William J. Brown, Atty. Gen., Columbus, Ohio, on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and JOINER,[*] District Judge.

PHILLIPS, Chief Judge.

Paul Stout appeals from the denial of his application for writ of habeas corpus.

At a jury trial in the Court of Common Pleas of Butler County, Ohio, Stout was convicted of armed robbery in violation of Ohio Revised Code § 2901.13, which provides as follows: "No person, while armed with a pistol, knife, or other dangerous weapon, by force or violence, or by putting in fear, shall steal from the person of another anything of value."

He was sentenced to imprisonment of not less than ten years nor more than twenty-five years.

His conviction was affirmed by the Butler County Court of Appeals.[1]

On his appeal to the Supreme Court of Ohio Stout contended, among other things, that:

"The trial court violated petitioner's right to due process in putting him on trial for violation of Ohio Rev.Code § 2901.13 and finding him guilty of armed robbery, when the term 'dangerous weapon' as used in said section does not give such a description as would readily afford an accused his right to be informed of the nature of the offense and was unconstitutionally vague in describing just what a 'dangerous weapon' is under Ohio law."

The Supreme Court of Ohio dismissed the appeal on the ground that no substantial constitutional questions exist therein.[2]

The principal issue raised on this appeal is whether the words "other dangerous weapon" in this statute are so vague as to render the statute unconstitutional. We hold that the statute is constitutional.

In committing the robbery in question, Stout hit the victim with a hard object, inflicting a head wound requiring twelve stitches and knocking some teeth loose. The victim testified in the criminal proceedings in the State court as follows:

". . . I looked up like that and heard something and there was an object there at my face and eyes, and I knew I had to turn from it, and there was Mr. Stout. I can't tell you what it was in his hand it was a hard object about so that hit me. It took 12 stitches in my head here and my

---

[*] Honorable Charles W. Joiner, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

1. Docket No. 1456.

2. Docket No. 72–209, June 9, 1972.

teeth were knocked loose and my ribs were hurt. . . .

"It was just an object and I looked him right in the face and I thought my God my face is gone and I turned my head and went out like a light. I couldn't state what it was, it was a hard one, that is about the length of it and it was so quick I couldn't tell you what it was.

"Q. Was the person involved holding this in his hand?

"A. Oh yes Mr. Stout had it in his hand.

"Q. Which hand?

"A. Right hand.

"Q. Would you say some three or four inches exposed?

"A. Yes it could have been a wrench . . . I couldn't state what it was, but it was a hard object."

■ Although the hard object is not identified with certainty, we hold that a jury would conclude from this testimony that it was a dangerous weapon within the meaning of the statute.

■■ As said by Chief Justice Vinson in Jordan v. De George, 341 U.S. 223, 230–232, 71 S.Ct. 703, 707–708, 95 L.Ed. 886 (1951):

"The essential purpose of the 'void for vagueness' doctrine is to warn individuals of the criminal consequences of their conduct. William v. United States, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774, decided April 23, 1951; Screws v. United States, 325 U.S. 91, 103–104, 65 S.Ct. 1031, 1036, 89 L.Ed. 1495 (1945). This Court has repeatedly stated that criminal statutes which fail to give due notice that an act has been made criminal before it is done are unconstitutional deprivations of due process of law. Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); United States v. L. Cohen Grocery Co., 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516 (1921).

\* \* \* \* \* \*

"We have several times held that difficulty in determining whether certain marginal offenses are within the meaning of the language under attack as vague does not automatically render a statute unconstitutional for indefiniteness. United States v. Wurzbach, 280 U.S. 396, 399, 50 S.Ct. 167, 168, 74 L.Ed. 508 (1930). Impossible standards of specificity are not required. United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947). The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926)."

■ Sixth Circuit precedent requires that the language of a criminal statute must convey sufficiently definite warning as to the proscribed conduct, when measured by common understanding and practices, although impossible standards of specificity are not required. North American Van Lines, Inc. v. United States, 243 F.2d 693, 697 (6th Cir., 1957); Anderson v. United States, 215 F.2d 84, 90 (6th Cir.), cert. denied, 348 U.S. 922, 75 S.Ct. 291, 99 L.Ed. 723 (1954).

We find nothing vague in a statute which makes it a crime to steal from the person of another while armed with a dangerous weapon. The term "dangerous weapon" is not so vague as to render the statute unconstitutional. It would not be feasible for the legislature to list every object which could fit the dictionary definition of that term. A wide variety of objects have been held to be "dangerous weapons" under similar statutes. *See* 11 Words & Phrases, p. 130 et seq.

The term "dangerous weapon" also appears without definition in the federal bank robbery statute. 18 U.S.C. § 2113(d). A considerable number of convictions have been upheld under that Act.

We hold that the statute under which Stout was convicted is not invalid for indefiniteness.

Stout contends that the State trial court violated his constitutional rights by failing to charge the jury on the lesser included offense of unarmed robbery. He also raises two questions concerning the sufficiency of the evidence. We agree with the District Court that these contentions are without merit.

Affirmed.