**UNITED STATES of America, Plaintiff,**

v.

**Robert L. HEDRICK, Defendant.**

**No. CR2–02–020.**

United States District Court, S.D. Ohio, Eastern Division.

June 21, 2002.

Gary Louis Spartis, U.S. Attorney's Office, Columbus, OH, for U.S.

Max Kravitz, Kravitz & Kravitz, Columbus, OH, for Robert Hedrick.

### OPINION AND ORDER

MARBLEY, District Judge.

### I. INTRODUCTION

The Defendant, Mr. Robert L. Hedrick, is charged with one felony count of carrying a concealed and dangerous weapon aboard an aircraft, in violation of 49 U.S.C. § 46505(b)(1). The Indictment against Mr. Hedrick reads:

On or about January 23, 2002, in the Southern District of Ohio and elsewhere,

defendant ROBERT L. HEDRICK, did knowingly travel as a passenger on an aircraft in, and intended for operation in, air transportation or intrastate air transportation, while having on or about his person a concealed dangerous weapon, that is, a knife that was accessible to the defendant, ROBERT L. HEDRICK, while in flight.

This matter is before the Court on the following motions, filed by the Defendant: (1) Defendant's Motion to Compel Disclosure of Other Acts Evidence; (2) Defendant's Motion to Dismiss Indictment; (3) Defendant's Motion to Dismiss Indictment, or in the Alternative, to Strike Indictment Language "And Elsewhere"; (4) Defendant's Motion to Dismiss Based on Selective Prosecution; (5) Defendant's Motion to Compel Discovery; and (6) Defendant's Motion to Suppress Statements.[1] All of the Defendant's Motions were filed with this Court on April 12, 2002. The Government filed a Consolidated Response to Defendant's Pretrial Motions on April 26, 2002.

## II. BACKGROUND

The following facts are set forth in the transcript of an interview of the Defendant by an Airport Police Officer, Sergeant Medley, which is attached as Appendix II to the Government's Consolidated Response.

On January 23, 2002, the Defendant, Robert L. Hedrick, flew from Greensboro, North Carolina, to Pittsburgh, Pennsylvania, and then transferred planes to travel from Pittsburgh to Columbus, Ohio. While going through airport security in Greensboro, and while flying on both planes, Mr. Hedrick was wearing a belt buckle equipped with a knife that had a three-inch blade. Mr. Hedrick claims that it was after going through airport security in Greensboro that he realized that he was wearing the knife.

While Mr. Hedrick was walking from one terminal to the other in the Pittsburgh airport to change planes, he made several phone calls to family and friends in an attempt to get advice on how to handle his situation. After failing to make contact with a friend or relative, Mr. Hedrick decided to seek the advice of a talk radio disc jockey. He called the radio station and allegedly informed the person who answered the phone that he was in an airport, that he had gone through airport security with a knife, and that he did not realize that he had the knife on his person until after he had gone through security. Mr. Hedrick claims that he was unaware that he made statements describing his situation on the air.

Apparently, a number of radio listeners informed the police and the Federal Bureau of Investigation ("FBI") that a man had gone through airport security and had boarded a plane headed to Columbus, Ohio with a knife. After being provided with this information, Columbus Airport Police at the Columbus International Airport ("Airport Police") requested that all male passengers aboard that flight exit the plane before all other passengers so that each could be stopped for questioning. Upon exiting the plane, however, the Defendant, Robert L. Hedrick, approached a police officer and stated, "I think I can save you time. I'm the one." Sgt. Medley of the Airport Police then asked, "You're the one of what?" Mr. Hedrick responded, "I made the phone call and that I have a belt buckle knife."

## III. DISCUSSION

### A. Motion to Compel Disclosure of Other Acts Evidence

Under the Federal Rules of Evidence:

---

1. The Court will hear argument on the Defendant's Motion to Suppress Statements at a hearing to be held on June 28, 2002, and will subsequently issue an opinion on that motion.

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed.R.Evid. 404(b). Pursuant to this rule, the Defendant requests that this Court order:

(1) that the Government's intention to use evidence of other crimes be revealed with reasonable notice in advance of trial;

(2) that the other crimes be disclosed at that time with at least the degree of particularity required by an indictment, with the witnesses named, *see United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir.1995) (stating that "the notice given ... must be sufficiently clear so as 'to permit pretrial resolution of the issue of its admissibility' ") (citation omitted);

(3) that notice be provided regarding whether any such evidence will be introduced by means of a documentary exhibit, and, if so, the identity of the document and its availability for inspection and copying;

(4) that the notice indicate whether each other crime is presently the subject of a pending charge or ongoing criminal investigation;

(5) that the notice indicate the purpose for which each other crime is offered;

(6) that the notice extend to any accusations which the government is holding for surprise use in impeachment or rebuttal;

(7) that the government reveal any "reverse 404(b) evidence" that may tend to negative the defendant's alleged guilt; and

(8) that the attorneys for the Government, and the Government's witnesses, not testify, refer to, mention, or in any way allude to specific acts of misconduct, uncharged criminal conduct, or extraneous offenses committed by the Defendant until the Court has ruled upon their admissibility.

The Government responds that it is presently unaware of any "other crimes" evidence that it intends to use during the trial of this case. The Government gives notice through its response, however, that it intends to offer information contained in Defendant's statements to law enforcement officers and to third parties as evidence in its case-in-chief.

Based on the Government's response to the Defendant's motion, the Court **DENIES** the Defendant's Motion to Compel Disclosure of Other Acts Evidence as moot.

### B. Motion to Dismiss Indictment

The Defendant requests that this Court dismiss the Indictment because: (1) 49 U.S.C. § 46505(b)(1) is void for vagueness; and (2) the Defendant's constitutional right to due process has been violated because the Indictment does not provide him with adequate notice of the charge against him.

#### 1. The Statute—Void for Vagueness

■ First, the Defendant contends that the statute under which he is charged is void for vagueness. That statute reads, in relevant part:

An individual shall be [punished], if the individual when on, or attempting to get on, an aircraft in, or intended for operation in, air transportation or intrastate

air transportation, has on or about the individual or the property of the individual a concealed dangerous weapon that is or would be accessible to the individual in flight.

49 U.S.C. § 46505(b)(1). Mr. Hedrick contends that this statute is unconstitutionally vague because it neither defines "dangerous weapon," nor specifies the necessary *mens rea* for a violation.

" '[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' " *Risbridger v. Connelly,* 275 F.3d 565, 572 (6th Cir.2002) (quoting *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). The statute need not, however, meet "impossible standards of specificity" in defining the proscribed conduct. *Stout v. Dallman,* 492 F.2d 992 (6th Cir.1974). Furthermore, a statute's failure to define a particular word or phrase does not render the statute unconstitutionally vague where the common sense definition of the word or phrase provides sufficient notice as to the conduct that is prohibited and the standards for enforcement. *United States v. Haun,* 90 F.3d 1096, 1101 (6th Cir.1996).

The Court finds that the statute under which the Defendant is prosecuted is not void for vagueness for its failure to define the term "dangerous weapon." First, the Sixth Circuit has held that the phrase "dangerous weapon" is not so vague as to render a criminal statute unconstitutional.

*Stout,* 492 F.2d at 994.[2] In *Stout,* after finding that "the language of a criminal statute must convey sufficiently definite warning as to the proscribed conduct, when measured by common understanding and practices," the Sixth Circuit concluded:

> We find nothing vague in a statute which makes it a crime to steal from the person of another while armed with a dangerous weapon. The term 'dangerous weapon' is not so vague as to render the statute unconstitutional. It would not be feasible for the legislature to list every object which could fit the dictionary definition of that term. A wide variety of objects have been held to be 'dangerous weapons' under similar statutes.

*Id.* (citations omitted). Second, an application of the common sense definition of "dangerous weapon" provides sufficient notice regarding the conduct that is prohibited. In particular, a common sense definition of "dangerous weapon" would include a knife with a three-inch blade, such as the one possessed by Mr. Hedrick.[3] Significantly, a number of courts have held that the phrase "dangerous weapon" may include objects other than guns and knives, both of which clearly constitute dangerous weapons. *See, e.g., United States v. Riggins,* 40 F.3d 1055, 1057 (9th Cir.1994) (finding that "the term 'dangerous weapon' is not restricted to such obviously dangerous weapons as guns, knives, and the like"); *United States*

---

**2.** In *Stout,* the defendant challenged the validity of Ohio Rev.Code § 2901.13, which reads:

No person, while armed with a pistol, knife, or other dangerous weapon, by force or violence, or by putting in fear, shall steal from the person of another anything of value.

**3.** In one portion of his motion, the Defendant argues that he cannot be indicted under the statute because his belt buckle knife is not a "dangerous weapon." Mr. Hedrick has provided no support for this assertion and the Court can discern no basis for concluding that a knife with a three-inch blade is not a dangerous weapon that can cause bodily harm.

*v. Schoenborn*, 4 F.3d 1424, 1432 (7th Cir. 1993) (same).

The Court also concludes that the statute is not void for vagueness for its failure to specify a particular *mens rea*. To the contrary, the statute clearly establishes that the following conduct that violates the statute: (1) boarding or attempting to board an aircraft (2) while possessing a dangerous weapon (3) that is concealed and (4) that is or will be accessible during flight. Furthermore, the Sixth Circuit has concluded, in *dicta*, that, although such language is not utilized, the statute does require a finding that the defendant knew of the presence of the concealed dangerous weapon on his person at the time that he boarded the aircraft. *United States v. Lee*, 539 F.2d 606, 608 (6th Cir.1976) (analyzing this issue with respect to 49 U.S.C. § 1472(*l*)(1), the predecessor to 49 U.S.C. § 46505).[4] In *Lee*, the circuit court reasoned that it has "long been held that concealment of contraband in a legal sense is a knowing concealment and not the mere fact that the contraband is found in the possession of the defendant." *Id.* (adopting the reasoning of the district court) (citations omitted). Thus, the statute does include a general intent element.[5] Construed in this manner, the statute does not create a due process problem.

Therefore, the Court finds that 49 U.S.C. § 46505 is not void for vagueness, and **DENIES** the Defendant's Motion to Dismiss the Indictment on that basis.

### 2. The Indictment—Due Process Challenges

As discussed above, 49 U.S.C. § 46505 requires that the defendant know that he possesses the concealed dangerous weapon. The Indictment charging Mr. Hedrick with a violation of that statute, however, indicates only that he "knowingly" traveled on an aircraft. Thus, Mr. Hedrick argues that the Indictment must be dismissed because, in the Indictment, "knowingly" modifies the innocent conduct of traveling, rather than the criminal conduct of carrying a concealed weapon. In addition, Mr. Hedrick claims that the Indictment must be dismissed because his prosecution is contrary to Department of Justice ("DOJ") guidelines. He states that, under those guidelines, an individual should not be subject to federal criminal prosecution when he has no serious criminal record and the circumstances surrounding the offense are extenuating. Specifically, the guidelines state that if the individual possesses an item that is "normally and acceptably used for a non-criminal purpose" and is "only marginally of a deadly or dangerous character," then the individual should not be prosecuted. He maintains that the guidelines indicate that, under circumstances such as these, the offending individual should be subject only to civil penalties pursuant to 49 U.S.C. § 46303, not criminal punishment.

An indictment must satisfy two requirements to be constitutional: (1) it must give the defendant notice of the charge against him and set out all of the elements of the charged offense; and (2) it must be sufficiently specific such that the defendant may plead double jeopardy in a subsequent proceeding. *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir.1992) (citing *Russell v. United States*, 369 U.S.

---

**4.** The circuit court's conclusion regarding the knowing requirement in the statute constitutes *dicta* because the court's ruling rested on the need to reverse the defendant's conviction because he should have been granted permission to withdraw his consent to have his case tried before a magistrate judge. *Id.*

**5.** The statute, however, does not require either the specific intent to conceal the weapon, *United States v. Flum*, 518 F.2d 39 (8th Cir. 1975), or the specific intent to use the weapon in the commission of a crime during flight, *United States v. Dishman*, 486 F.2d 727 (9th Cir.1973).

749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962)). The one-count Indictment charging Mr. Hedrick satisfies both of these requirements. The Indictment specifically sets forth the conduct based upon which Mr. Hedrick is charged, and, by reference to the statute pursuant to which he is charged, provides notice of the charge against him and the elements thereof. *See Martinez*, 981 F.2d at 872 (holding that an indictment sufficiently notifies the defendant of the pending charges when it cites to the appropriate statutory provisions). Therefore, the Indictment is constitutional. The fact that the Indictment does not state that Mr. Hedrick "knowingly" possessed a concealed dangerous weapon does not change the fact that Mr. Hedrick was given notice of that element by reference to the statute. *See id.* (finding that the indictment was constitutional even though it failed expressly to allege willfulness, but it did cite to the appropriate statutory provisions). In addition, the fact that the Government imposed upon itself an additional burden of proof by inserting the word "knowingly" to modify the word "travel" does not invalidate the otherwise proper Indictment.

■ The Court also rejects Mr. Hedrick's contention that the Indictment must be dismissed because it is contrary to DOJ guidelines. The manual in which the DOJ guidelines are contained operates only as an internal guide within the DOJ. The manual explicitly states:

> [This manual] is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal. Nor are

any limitations hereby placed on otherwise lawful litigative prerogatives of the Department of Justice.

Thus, the fact that the DOJ may favor leniency in cases such as Mr. Hedrick's does nothing to further his claim that the Indictment must be dismissed. By their own terms, the guidelines provide no substantive or procedural right to the Defendant. In light of the fact that the Indictment is otherwise constitutional and instituted in good faith, *see* discussion *infra* Part III.D., the Court declines to dismiss the Indictment because it allegedly conflicts with internal DOJ guidelines.[6]

Therefore, the Court **DENIES** the Defendant's Motion to Dismiss Indictment.

### C. Motion to Dismiss Indictment, or in the Alternative, To Strike Indictment Language "And Elsewhere"

■ The Indictment states that on January 23, 2002, "in the Southern District of Ohio and elsewhere, Defendant ROBERT L. HEDRICK," committed the charged offense.

The Defendant argues that the Indictment must be dismissed because the case is improperly venued in the Southern District of Ohio. He states that only a portion of the alleged criminal behavior took place in this district, as one of the flights that he took on January 23, 2002 traveled completely outside of this district, while the other one landed here. He contends that, to the extent the language "and elsewhere" refers to conduct commenced and completed outside of the Southern District of Ohio, the Court should either dismiss the Indictment, or strike that language.

---

**6.** Because the guidelines do not provide the basis for any procedural or substantive claims by the Defendant, the Court need not reach the question of whether the guidelines recommending leniency, in fact, apply to Mr. Hedrick. The Court notes, however, that it is

doubtful that the circumstances under which Mr. Hedrick was arrested were extenuating, or that the weapon that he possessed at the time of his arrest could be deemed to be "only marginally of a deadly or dangerous character."

The Court finds that the Defendant's motion to dismiss the Indictment based on the inclusion of the words "and elsewhere" is without merit. In drawing this conclusion, the Court relies on 18 U.S.C. § 3237, entitled "Offenses begun in one district and completed in another," which states, in pertinent part:

(a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

Any offense involving ... transportation in interstate ... commerce ... is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce ... moves.

This provision applies to the prosecution of the Defendant because Mr. Hedrick, while having a concealed weapon accessible to him, traveled as a passenger on an aircraft that operated in-air transportation beginning in North Carolina, continuing through Pennsylvania, and ending in Columbus, Ohio. His alleged criminal conduct began in one district, and was completed in another, the Southern District of Ohio. Thus, his offense may be inquired of and prosecuted in the Southern District of Ohio, where it was completed.

Therefore, the Court **DENIES** the Defendant's Motion to Dismiss Indictment, or in the Alternative, to Strike Indictment Language "And Elsewhere."

### D. Motion to Dismiss Based on Selective Prosecution

■ The Government has broad discretion to determine who will be charged with crimes, and what type of charges will be brought. *See Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). To establish a *prima facie* case of selective prosecution, the defendant must demonstrate that the government discriminated against him by selecting him for prosecution in bad faith or based on illegitimate factors, such as the desire to prevent the defendant's exercise of his constitutional rights. *United States v. Mullins,* 22 F.3d 1365, 1373–74 (6th Cir. 1994) (citations omitted). The defendant must do more than simply make a bare allegation of selective prosecution, but must present facts that raise a reasonable doubt about the government's motivations. *Id.* (citing *United States v. Bustamante,* 805 F.2d 201, 202 (6th Cir.1986)).

The Defendant argues that 49 U.S.C. § 46505 generally has not been enforced against individuals who have engaged in conduct similar to his. In support of this proposition, the Defendant has presented this Court with a somewhat random assortment of newspaper articles relating to individuals who have gone through airport security with weapons in their possession. He contends that, unlike other passengers, he has been singled out for prosecution only because he made public, through his phone call to the radio station, the fact that his belt was not detected by security at the Greensboro Airport, and thereby embarrassed the government. He argues that this selective prosecution violates his constitutional right to Equal Protection, and that the Indictment must, therefore, be dismissed.

The Court finds that the Defendant has presented no facts that support his contention that he was singled out for prosecution based on his exercise of free speech. Rather, the facts presented support the logical conclusion that Mr. Hedrick was arrested and prosecuted for his criminal actions. The fact that the Government learned about those criminal actions only because Mr. Hedrick made them known to

the public by calling a radio station does not indicate that he was prosecuted for exercising his First Amendment rights. Rather, the Defendant was prosecuted because persons who heard his radio pronouncement alerted the FBI, which then investigated and found probable cause. Similarly, the fact that other individuals who allegedly violated 49 U.S.C. § 46505(b)(1) were not prosecuted is also irrelevant in light · of the Government's broad discretion to determine who shall be prosecuted. Simply put, the facts presented by Mr. Hedrick do not raise a reasonable doubt regarding the Government's motivation for arresting and prosecuting this Defendant. Mr. Hedrick has failed to present any evidence that would support a conclusion that, by pursuing his arrest and prosecution, the Government acted in bad faith, or upon the desire to frustrate the exercise of the Defendant's constitutional rights.

Therefore, the Court **DENIES** the Defendant's Motion to Dismiss Based on Selective Prosecution.

### E. Motion to Compel Discovery

■ Defendant filed his Motion to Compel Discovery in an effort to discover information in the possession of the Government that may support his Motion to Dismiss Based on Selective Prosecution. In this motion, Mr. Hedrick asks that this Court issue an order, directing the Government to disclose:

(1) All case files within the last five years referred to the Government for review, consideration, consultation, or prosecution of alleged violations of 49 U.S.C. § 46505(b)(1), formerly § 1472(I)(1), and which the Government either declined prosecution or sought an indictment, including resolution of all such cases, case numbers, and reason why the prosecution was or was not sought, if applicable.

(2) All case files within the last five years referred to the Government for review, consideration, consultation, or prosecution of alleged violations of 49 U.S.C. § 46314 and which the Government either declined prosecution or sought an indictment, including the resolution of all such cases, case numbers, and reason why prosecution was or was not sought, if applicable.

(3) Any additional guidelines, regulations, or policies that govern the Government's decisions to prosecute prior to and after September 11, 2001.

(4) Information regarding the circumstances surrounding a Channel 4 reporter's purposeful effort to test the security system at Port Columbus which was not prosecuted by the Federal Government, including reasons for the Government's decision not to prosecute.

A motion to compel discovery on a selective prosecution claim must be supported by "some evidence tending to show" that the essential elements of the defense have been met. *United States v. Armstrong,* 517 U.S. 456, 468, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (citations omitted); *see United States v. Schmucker,* 815 F.2d 413, 418 (6th Cir.1987) (holding that the defendant must present facts tending to show that the government's actions had a discriminatory effect and purpose) (citations omitted). Indeed, the defendant must present some evidence, but he need not prove his case. *See United States v. Jones,* 159 F.3d 969, 978 (6th Cir.1998) (concluding that the defendant had met his burden of presenting "some evidence tending to show the essential elements" of selective prosecution, even though he was unable to establish a *prima facie* case of discriminatory effect). Significantly, Rule 16's directive to disclose evidence that is "material to the preparation of the defense" does not apply to evidence that

might support a selective prosecution claim because selective prosecution is not a defense to the government's case-in-chief, but is an independent claim of misconduct by the government. *Id.* at 975 n. 3 (citing *Armstrong*, 517 U.S. at 463, 116 S.Ct. 1480).

As discussed above with reference to the Defendant's Motion to Dismiss Based on Selective Prosecution, the Defendant has failed to present "some evidence tending to show" that he has met the essential elements of a selective prosecution claim. To the contrary, the facts presented support the conclusion that the prosecution of Mr. Hedrick is based only on the fact that the FBI's investigation revealed probable cause, and not any bad faith on the part of the Government. Mr. Hedrick has presented no facts that tend to demonstrate that the Government's actions had either discriminatory effect or purpose. Thus, Mr. Hedrick is not entitled to discovery on this issue.

Therefore, the Court **DENIES** the Defendant's Motion to Compel Discovery.

## IV. CONCLUSION

Based on the foregoing discussion, the Defendant's Motion to Compel Disclosure of Other Acts Evidence, Motion to Dismiss Indictment, Motion to Dismiss Indictment, or in the Alternative, to Strike Indictment Language "And Elsewhere," Motion to Dismiss Based on Selective Prosecution, and Motion to Compel Discovery are hereby **DENIED.**

**IT IS SO ORDERED.**