**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

BENJAMIN HARRIS,
*Defendant-Appellant*.

No. 11-50503

D.C. No.
2:11-cr-00414-
SJO-1

ORDER AND
AMENDED OPINION

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted November 6, 2012[*]
Pasadena, California

Filed December 5, 2012
Amended January 14, 2013

Before: Susan P. Graber, Sandra S. Ikuta,
and Andrew D. Hurwitz, Circuit Judges.

Order;
Opinion by Judge Graber

---

[*] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

Affirming a conviction, the panel held that 49 U.S.C. § 46505, which prohibits carrying a "concealed dangerous weapon" on aircraft, is not unconstitutionally vague as applied to an airport employee who sneaks a pocketknife with a blade that is almost two-and-a-half inches long past a security checkpoint and then gives it to a passenger who takes it aboard an airplane.

### COUNSEL

William S. Harris, Law Offices of William S. Harris, South Pasadena, California, for Defendant-Appellant.

Melissa Mills, Assistant United States Attorney, National Security Section, Los Angeles, California, for Plaintiff-Appellee.

### ORDER

The opinion filed on December 5, 2012, and appearing at 2012 WL 6054778, is amended as follows:

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

On slip opinion pages 10–11, in the carryover paragraph, change "we must read § 46505," through "By stating" to:

> § 46505—which lacks a similar reference—is unconstitutionally vague as applied.[4]  We disagree.  We have already explained why § 46505 gave fair notice to *this* Defendant that *this* knife was proscribed.  Two other statutes—enacted at different times to address different subjects—do not change our conclusion.  If anything, by stating

On slip opinion page 11, change "this interpretation," to "that interpretation." and delete "as that statute merely confirms that the term 'dangerous weapon' includes such a pocketknife".

With these amendments, Appellant's petition for panel rehearing is DENIED.  No further petitions for rehearing or petitions for rehearing en banc will be entertained.

---

**OPINION**

GRABER, Circuit Judge:

The question presented is whether 49 U.S.C. § 46505, which prohibits carrying a "concealed dangerous weapon" on aircraft, is unconstitutionally vague as applied to an airport employee who sneaks a pocketknife with a blade that is almost two-and-a-half inches long past a security checkpoint and then gives it to a passenger who takes it aboard an airplane. Reviewing de novo, *United States v. Zhi Yong Guo*,

634 F.3d 1119, 1121 (9th Cir.), *cert. denied*, 131 S. Ct. 3041 (2011), we hold that the statute is not unconstitutionally vague as applied and, therefore, we affirm.

On January 30, 2011, the Transportation Security Administration ("TSA") prevented Edward Lee Henderson, a JetBlue Airways passenger, from passing through a security checkpoint at the Long Beach, California, airport because he had a pocketknife in his carry-on bag. The pocketknife had two blades, the longer of which measured slightly less than two-and-a-half inches. Here is a photograph of the knife:



TSA personnel told Henderson to return to the ticketing counter so that he could place the knife into one of his checked bags. Henderson went first to the curbside check-in, where he had checked his luggage, but was directed to the JetBlue ticketing counter. Defendant, Benjamin Harris, an Airport Bags employee with a Security Identification Display Area badge, accompanied Henderson from the curbside check-in to the ticketing counter.

At the ticketing counter, Alem Habtay, a JetBlue employee, told Henderson that it was too close to the flight's boarding time to place the pocketknife in his previously checked luggage but that he could check the knife separately for $30. Henderson said that he did not have $30. Defendant then suggested to Henderson that he might be able to assist him with his problem, and together the two men walked away from the counter and out of the ticketing area.

Outside the ticketing area, the two men agreed that Defendant would help Henderson get the pocketknife past the TSA checkpoint. Henderson gave Defendant the pocketknife so that Henderson could go through the TSA checkpoint. Defendant's security clearance allowed him to use his badge and PIN number to enter the boarding area, with the knife, without passing through a TSA checkpoint. The two men met in a restroom, where Defendant returned the knife. Several signs in and around the terminal cautioned that "knives" were prohibited in the secured portion of the airport.

Meanwhile, Habtay suspected that Defendant might try to use his badge to take the pocketknife past security. She told a co-worker of her suspicion; the co-worker, in turn, told the JetBlue Station Manager on duty, Greg Garcia. Habtay then spoke directly with Garcia, whereupon the two went to the

boarding area to locate Henderson. Unable to find him, they boarded the plane, and Habtay identified Henderson.

Garcia approached Henderson and asked for the knife. Henderson initially denied having a knife. But, when Garcia said that he would have Henderson removed from the plane if necessary, Henderson handed the knife to Garcia. Henderson remained on the flight.

Garcia notified various security personnel of the incident. During an interview with a Long Beach police officer, Defendant admitted his role in the foregoing events.

A grand jury indicted Defendant for conspiracy to carry a concealed dangerous weapon on an aircraft, a violation of 49 U.S.C. § 46505(e), and for aiding and abetting the carrying of a concealed dangerous weapon on an aircraft, a violation of 18 U.S.C. § 2 and 49 U.S.C. § 46505(b)(1).[1] Defendant

---

[1] Title 49 U.S.C. § 46505 states in relevant part:

> (b) An individual shall be fined under title 18, imprisoned for not more than 10 years, or both, if the individual—
>
> (1) when on, or attempting to get on, an aircraft in, or intended for operation in, air transportation or intrastate air transportation, has on or about the individual or the property of the individual a concealed dangerous weapon that is or would be accessible to the individual in flight[.]
>
> . . . .
>
> (e) If two or more persons conspire to violate subsection (b) . . ., and one or more of such persons do

moved to dismiss the indictment, arguing that 49 U.S.C. § 46505's prohibition of "dangerous weapon[s]" on aircraft is unconstitutionally vague as applied. The district court denied the motion. Defendant entered a conditional guilty plea, reserving his right to appeal the denial of his motion to dismiss. He timely appeals.

"A criminal statute is void for vagueness if it is not sufficiently clear to provide guidance to citizens concerning how they can avoid violating it and to provide authorities with principles governing enforcement." *Zhi Yong Guo*, 634 F.3d at 1121 (internal quotation marks omitted). In a facial challenge, a statute is unconstitutionally vague if it "'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" *United States v. Kilbride*, 584 F.3d 1240, 1257 (9th Cir. 2009) (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)). In an as-applied challenge, a statute is unconstitutionally vague if it "fail[s] to put a defendant on notice that his conduct was criminal." *Id.* "For statutes . . . involving criminal sanctions the requirement for clarity is enhanced." *Id.* (internal quotation marks omitted).

"[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975). Thus, Defendant's as-applied challenge to 49 U.S.C. § 46505 turns on whether the statute provided adequate notice to him that his particular conduct

---

any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be punished as provided in such subsection.

was proscribed. Defendant knew that this particular knife had been turned back by TSA. Moreover, there were signs in and around the terminal that prohibited all knives. It should have been clear to him that § 46505's prohibition of "dangerous weapon[s]" includes a pocketknife with a blade almost two-and-a-half inches long. Therefore, even considering the enhanced requirement of clarity for criminal statutes, we conclude that the statute gave Defendant adequate notice that his conduct was prohibited.[2]

The only decision of which we are aware that addresses an as-applied vagueness challenge to 49 U.S.C. § 46505 supports the conclusion we reach here. In *United States v. Hedrick*, 207 F. Supp. 2d 710, 712 (S.D. Ohio 2002), a passenger flew on an airplane "wearing a belt buckle equipped with a knife that had a three-inch blade." The court held that § 46505 is not void for vagueness, because "the common sense definition of 'dangerous weapon' provides sufficient notice regarding the conduct that is prohibited . . . [and] include[s] a knife with a three-inch blade." *Id.* at 714. We agree. Defendant's attempt to distinguish *Hedrick* by the length of the knife's blade fails. The difference between a three-inch blade and a blade of just under two-and-a-half inches does not make the statute vague as applied to Defendant, especially considering that he, unlike the defendant in *Hedrick*, was an airport employee.

Our two prior decisions interpreting the scope of § 46505's predecessor statute, 49 U.S.C. § 1472(*l*) (1964),

---

[2] Contrary to Defendant's argument, § 46505(b)(1)'s lack of a scienter element does not render it unconstitutionally vague. *See Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 973 (9th Cir. 2003).

also support our holding. The earlier statute prohibited concealed "deadly or dangerous weapon[s]" on aircraft. *Id.*

In *United States v. Wallace*, 800 F.2d 1509, 1512–13 (9th Cir. 1986), we held that a stun gun, as a matter of law, is a dangerous weapon aboard an aircraft. We reasoned that stun guns can cause serious permanent injury to the eyes and can incapacitate many people at once, that even temporary incapacitation of key personnel on an aircraft is dangerous, and that "display of the gun is likely to provoke fear in the surrounding passengers creating 'an immediate danger that a violent response will ensue.'" *Id.* at 1513 (quoting *McLaughlin v. United States*, 476 U.S. 16, 18 (1986)); *see also McLaughlin*, 476 U.S. at 17 (holding that the immediate danger of a violent response to display of an unloaded firearm is "independently sufficient" to support the conclusion that an unloaded firearm is a "dangerous weapon" within the meaning of the federal bank robbery statute)).

In *United States v. Dishman*, 486 F.2d 727, 732 (9th Cir. 1973), we reversed the conviction of a man who attempted to board an airplane with a .22 caliber starter pistol. The pistol was incapable of firing bullets because "[t]he barrel was solidly plugged near the end and the cylinder cartridge retaining holes or bores were half filled with metal and incapable of receiving and holding cartridges." *Id.* at 729. We defined "deadly and dangerous weapon" as "one which in its intended or readily adaptable use is likely to produce death or serious injury." *Id.* at 730 (emphasis omitted) (quoting 94 C.J.S. Weapons § 6(c), p. 489). Because "[i]t would take a machinist considerable time with [a] metal cutting drill and saw to convert [the starter pistol] into any

semblance of an operating weapon," the starter pistol was merely an "inert object."**[3]** *Id.* at 732.

Like the stun gun in *Wallace*, a pocketknife can inflict, at a minimum, permanent injury. It can incapacitate, at least temporarily, key personnel on an aircraft. In the confines of an aircraft, its display has the potential to provoke a violent response. Unlike the starter pistol in *Dishman*, the pocketknife at issue here is "readily adaptable" to a dangerous use, even if it is not intended for that use. No alteration is required to enable it to inflict serious bodily harm. Therefore, *Wallace* and *Dishman* suggest that a pocketknife with a blade of just under two-and-a-half inches is a "dangerous weapon" aboard an aircraft.

Finally, Defendant argues that, because 18 U.S.C. § 930(g)(2) and 18 U.S.C. § 1992(d)(2) make specific reference to "a pocket knife with a blade of less than 2 ½ inches in length," § 46505—which lacks a similar reference—is unconstitutionally vague as applied.**[4]** We

---

[3] This court decided *Dishman* before the Supreme Court held in *McLaughlin* that the immediate danger of a violent response to the display of an unloaded gun is sufficient to make that gun a "dangerous weapon" under the federal bank robbery statute.

[4] Title 18 U.S.C. § 930(g)(2) provides:

> The term "dangerous weapon" means a weapon, device, instrument, material, or substance, animate or inanimate, that is used for, or is readily capable of, causing death or serious bodily injury, *except that such term does not include a pocket knife with a blade of less than 2 ½ inches in length*.

(Emphasis added.)

disagree. We have already explained why § 46505 gave fair notice to *this* Defendant that *this* knife was proscribed. Two other statutes—enacted at different times to address different subjects—do not change our conclusion. If anything, by stating that the term "dangerous weapon" in § 930(g)(2) "does not include a pocket knife with a blade of less than 2 ½ inches in length," Congress implied that such knives would be considered dangerous weapons but for their express exclusion. And nothing in § 1992(d)(2) detracts from that interpretation.

In sum, we conclude that 49 U.S.C. § 46505 gave adequate notice to Defendant that a pocketknife with a blade of slightly less than two-and-a-half inches is prohibited aboard an aircraft. Therefore, we hold that the statute is not unconstitutionally vague as applied.

**AFFIRMED.**

---

Title 18 U.S.C. § 1992(d)(2) provides:

> [T]he term "dangerous weapon" means a weapon, device, instrument, material, or substance, animate or inanimate, that is used for, or is readily capable of, causing death or serious bodily injury, *including a pocket knife with a blade of less than 2 ½ inches in length* . . . .

(Emphasis added.)