**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10653 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00124-PMP-RJJ-1 |
| v. | |
| DARRYL OWEN WALIZER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted April 17, 2015
San Francisco, California

Before:  TROTT and GRABER, Circuit Judges, and RESTANI,[**] Judge.

Defendant-Appellant Darryl Owen Walizer appeals his conviction and sentence for violating 18 U.S.C. § 2260A.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

**1.**     Walizer argues that § 2260A is void for vagueness because it does not clearly establish (1) when a person is required to register as a sex offender, (2) what law governs the registration requirement, and (3) whether a defendant may be convicted of violating § 2260A contemporaneously with the predicate offense. Because Walizer does not claim that § 2260A implicates his First Amendment rights, he is limited to an as-applied challenge. United States v. Purdy, 264 F.3d 809, 811 (9th Cir. 2001). "In an as-applied challenge, a statute is unconstitutionally vague if it 'fail[s] to put a defendant on notice that his conduct was criminal.'" United States v. Harris, 705 F.3d 929, 932 (9th Cir. 2013) (quoting United States v. Kilbride, 584 F.3d 1240, 1257 (9th Cir. 2009) (alteration in original)).

First, the statute uses the word "being" to describe the defendant's registration status, and "being" refers to "the quality or state of existing." Webster's Third New International Dictionary 199 (2002). It was therefore Walizer's registration status as it actually existed when he committed the predicate offense that matters, not some hypothetical status had circumstances been different.

Walizer's second contention--whether "other law" includes state law--is not persuasive. In our society, and in this context, the words "other law" most obviously refers to the States' sex-offender registry laws. See United States v.

Ocegueda, 564 F.2d 1363, 1365 (9th Cir. 1977) ("Whether a statute is unconstitutionally vague depends upon the common understanding of its terms.").

Third, § 2260A is triggered when a defendant "commits" a predicate felony. The ordinary understanding of when a crime is "committed" is at the time the offender engages in the criminal act. See Black's Law Dictionary 308 (9th ed. 2009) (defining "commit" as "[t]o perpetrate (a crime)"). The statute therefore does not require a defendant to have been previously convicted of the predicate offense before he may face trial on the § 2260A charge. That is, a defendant may be prosecuted under § 2260A at the same time he stands trial for the predicate felony.

2.      Walizer has not shown the ten-year sentence imposed for violating § 2260A is "grossly disproportionate" to his crime. United States v. Meiners, 485 F.3d 1211, 1213 (9th Cir. 2007) (per curiam); see also Rummel v. Estelle, 445 U.S. 263, 285 (1980) (upholding a life sentence with the possibility of parole for obtaining $120 by false pretenses committed by an offender with two minor prior felony convictions). Therefore, Walizer's sentence is not cruel and unusual punishment under the Eighth Amendment.

3.      Walizer argues that the district court committed reversible error because it did not consider on the record the sentencing factors in 18 U.S.C. §

3

3553(a), or whether to impose a concurrent or consecutive sentence. "A . . . sentence mandated by statute is not a suggestion that courts have discretion to disregard." United States v. Hammond, 742 F.3d 880, 884 (9th Cir. 2014), cert. denied, 83 U.S.L.W. 3738 (U.S. Mar. 23, 2015) (No. 13-1512). Both the length and the consecutive nature of Walizer's sentence were mandated by § 2260A.

4.      Walizer's oral waiver of his right to a jury trial was knowing and intelligent. The colloquy that Judge Pro and Walizer engaged in was sufficient to ensure that Walizer understood "the basic mechanics of a jury trial." United States v. Cochran, 770 F.2d 850, 853 (9th Cir. 1985). Furthermore, Walizer made the decision after consulting with his counsel, and there is nothing in the record to contradict Walizer's unequivocal statement that he understood his rights.

5.      Finally, we hold that it was not plain error for the district court to convict Walizer of violating § 2260A despite the absence of an actual minor's involvement in his underlying offense. Assuming without deciding that § 2260A requires the literal involvement of a minor, it is not obvious that such a requirement exists, United States v. Olano, 507 U.S. 725, 734 (1993), especially in light of the Eleventh Circuit's opinion in United States v. Slaughter, 708 F.3d 1208, 1215-16 (11th Cir.), cert. denied, 133 S. Ct. 2868 (2013).

**AFFIRMED.**

4