FILED

NOV 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 18-50424 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 3:17-cr-01507-AJB-1 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| ISRAEL NAVA-ARELLANO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted November 12, 2019
Pasadena, California

Before: FERNANDEZ and M. SMITH, Circuit Judges, and OTAKE,** District
Judge.

Israel Nava-Arellano appeals his conviction and sentence for illegal entry

and attempted reentry by a removed alien. *See* 8 U.S.C. §§ 1325, 1326. We affirm

his conviction, but vacate his sentence and remand for resentencing.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The Honorable Jill Otake, United States District Judge for the District of
Hawaii, sitting by designation.

(1)  Nava first asserts that the district court erred when it failed to dismiss the indictment despite the fact that trial did not commence within the required period under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(c)(1), (h)(1).  However, his assertion depends upon his failure to exclude the time from the day following the magistrate judge's grant[1] of his motion for a competency report and hearing through the hearing date itself.[2]  *See* 18 U.S.C. § 3161(h)(1)(A).  If that 38-day period is excluded, the commencement of the trial was timely.  But, argues Nava, that time cannot be excluded because the magistrate judge could not issue her order under a designation pursuant to 28 U.S.C. § 636(b)(1)(A).[3]  We disagree.  First, that issue was not raised in Nava's opening brief and is, therefore, waived.  *See* *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).  Second, even if we did consider the issue, the order in question was an order on a pretrial matter,[4] was not

---

[1]The order was issued on June 16, 2017.  The government would commence the time three days earlier, but that is not important for the purposes of this case.

[2]July 24, 2017.

[3]His consent to that designation was not required.

[4]*See* 28 U.S.C. § 636(b)(1)(A); *see also* S.D. Cal. Crim. R. 57.4(c)(9).

dispositive,[5] and was within the magistrate judge's authority.  Indeed, it would not be reasonable to speed toward a criminal trial for a defendant who was reasonably believed to be unable to understand or participate in the proceedings.  *See* 18 U.S.C. § 4241(a).

(2)  Nava next argues that the district court erred in determining his sentence.  We agree in part and disagree in part.

(a)  In calculating Nava's offense level under the United States Sentencing Guidelines,[6] the district court added a two level increase for obstruction of justice,[7] based upon a determination that Nava committed perjury at trial.[8]  However, in doing so the district court failed to "make explicit findings that not only did [Nava] give false testimony, but also that the falsehoods were willful and material to the criminal charges."  *United States v. Castro-Ponce*, 770 F.3d 819, 823 (9th Cir.

---

[5]*Branch v. Umphenour*, 936 F.3d. 994, 1000 (9th Cir. 2019); *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990); *cf. United States v. Rivera-Guerrero*, 377 F.3d 1064, 1069 (9th Cir. 2004) (an order for involuntary medication is dispositive).

[6]Hereafter the "Sentencing Guidelines" or "Guidelines."  All references to the Sentencing Guidelines are to the November 1, 2018, version, unless otherwise noted.

[7]USSG §3C1.1.

[8]*See id*. comment. (n.4B); *see also United States v. Dunnigan*, 507 U.S. 87, 94, 113 S. Ct. 1111, 1116, 122 L. Ed. 2d 445 (1993).

2014).  The requirement of explicit findings is a "rigid" and binding rule.  *United States v. Herrera-Rivera*, 832 F.3d 1166, 1175 (9th Cir. 2016).[9]  Here the district court did not make any explicit findings on willfulness or materiality.  Thus, the court erred[10] when it adopted the two level adjustment, and Nava's sentence must be vacated.[11]

(b)  Nava next argues that the district court erred when it ordered the sentences to run consecutively, rather than concurrently.  We disagree.

No doubt, the Guidelines generally provide for concurrent sentencing. *See* USSG §5G1.2(c).  The district court recognized that and "kept [it] in mind." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc).  Moreover, it sufficiently set forth its reasons for varying from the Guidelines range.  *See* 18 U.S.C. § 3553(a); *United States v. Rangel*, 697 F.3d 795, 800 (9th Cir. 2012);

---

[9]We saw the demands of the rule as so implacable that, without further ado, we held that its violation alone required vacation of the sentence due to plain error. *Id*.

[10]We are aware of a case that, at first blush, may not seem to require express findings.  *See United States v. Thomsen*, 830 F.3d 1049, 1074 (9th Cir. 2016).  However, on closer reading, we note that the district court in that case had expressly adopted the probation officer's response to objections, and therefore, effectively adopted the probation officer's report in that regard.  *Id*. at 1056–57.  In the light of that, and other comments by the district court, the panel found that the findings were sufficient.

[11]*See United States v. Johnson*, 812 F.3d 757, 764–65 (9th Cir. 2016).

*Carty*, 520 F.3d at 993.

(c)  Finally, Nava launches an attack on the sentencing statute itself on the basis that it keys on his prior removals having been "subsequent to a conviction for commission of . . . a felony."  8 U.S.C. § 1326(b)(1).  He asserts that use of the word "felony" makes this statute void for vagueness.  *See Johnson v. United States*, __ U.S. __, __, 135 S. Ct. 2551, 2556–57, 192 L. Ed. 2d 569 (2015); *United States v. Williams*, 553 U.S. 285, 306, 128 S. Ct. 1830, 1846, 170 L. Ed. 2d 650 (2008); *United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013).  The word "felony" is not unconstitutionally vague.  Both at common law and in statutes, "felony" has a well settled meaning[12] that Congress no doubt intended to incorporate in § 1326(b)(1).[13]  The district court did not err, much less plainly err.

Conviction **AFFIRMED**; sentence **VACATED**; **REMANDED** for resentencing.

---

[12] *See, e.g.*, 18 U.S.C. § 3559(a); 18 U.S.C. § 3581; *Sekhar v. United States*, 570 U.S. 729, 732–33, 133 S. Ct. 2720, 2724, 186 L. Ed. 2d 794 (2013); *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 574, 130 S. Ct. 2577, 2585, 177 L. Ed. 2d 68 (2010); *Felony*, Black's Law Dictionary (11th ed. 2019); *see also* USSG §4A1.2(o).

[13] *See Sekhar*, 570 U.S. at 732, 133 S. Ct. at 2724; *United States v. Wallen*, 874 F.3d 620, 630 (9th Cir. 2017).