NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-931 |
| Plaintiff - Appellee, | D.C. No. 9:24-cr-00015-DLC-1 |
| v. | MEMORANDUM* |
| BRETT MAURI, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted June 12, 2026**
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

Brett Mauri appeals his convictions for money laundering, in violation of 18

U.S.C. § 1957. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo a challenge to the constitutionality of a statute on void

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for vagueness grounds." *United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001). "The presumption is that a statute is constitutional," and "[s]tatutes are construed to avoid defects which would render them unconstitutional." *United States v. Harris*, 185 F.3d 999, 1003–04 (9th Cir. 1999). "We review de novo questions of federal constitutional law." *United States v. Kaczynski*, 551 F.3d 1120, 1123 (9th Cir. 2009).

1.      Mauri argues that his money laundering convictions should be overturned because 18 U.S.C. § 1957 is "unconstitutionally vague, in that it is so broad that it did not provide [him] adequate notice."[1] "A criminal statute is void for vagueness if it is 'not sufficiently clear to provide guidance to citizens concerning how they can avoid violating it and to provide authorities with principles governing enforcement.'" *United States v. Zhi Yong Guo*, 634 F.3d 1119, 1121 (9th Cir. 2011) (quoting *United States v. Jae Gab Kim*, 449 F.3d 933, 942 (9th Cir. 2006)). When a defendant challenges a statute as applied to his own conduct, the vagueness inquiry "turns on whether the statute provided adequate notice to him that his particular conduct was proscribed." *United States v. Harris*,

---

[1] To the extent Mauri is advancing a separate challenge on overbreadth grounds, he does not argue that the money laundering statute improperly regulates protected speech. Therefore, the First Amendment overbreadth doctrine is inapplicable. *See United States v. Williams*, 553 U.S. 285, 304 (2008) ("[I]n the First Amendment context, . . . plaintiffs [may] argue that a statute is overbroad because it is unclear whether it regulates a substantial amount of protected speech.").

705 F.3d 929, 932 (9th Cir. 2013).

The language of 18 U.S.C. § 1957 provided adequate notice to Mauri that it is illegal to engage in large financial transactions with funds that he knows are derived from crime. *See* 18 U.S.C. § 1957(a), (f)(1)–(3); *see also* 18 U.S.C. §§ 1956(c)(7)(A), 1961(1)(B). Mauri's conduct was clearly proscribed by the statute. Indeed, as the evidence showed at trial, Mauri engaged in two transactions involving more than $10,000 in funds that he knew were derived from his own scheme to defraud. Because Mauri had actual notice that his conduct was prohibited, we decline to set aside his money laundering convictions for vagueness. *See United States v. Backlund*, 689 F.3d 986, 997 (9th Cir. 2012) (explaining that a conviction will not be set aside for vagueness if the defendant had adequate notice because "there is no due process problem").

2. Mauri also argues that that his money laundering convictions merged with his wire fraud convictions. But Mauri's money laundering was not "a central component of" his criminal scheme. *See United States v. Bush*, 626 F.3d 527, 535 (9th Cir. 2010) (quoting *United States v. Van Alstyne*, 584 F.3d 803, 815 (9th Cir. 2009)). At trial, the government established that the purpose of Mauri's overall scheme was to attract new clients who entrusted him with their money and believed he would build them a custom home in return. The evidence also showed that Mauri never intended to finish these projects as promised. While the

3                                                                                          25-931

government highlighted evidence that Mauri spent most of his clients' money on purchases unrelated to their projects, these purchases were not "central to carrying out the scheme's objective of encouraging further investment." *See United States v. Moreland*, 622 F.3d 1147, 1166 (9th Cir. 2010). And the same is true for the two money laundering transactions. Indeed, Mauri's scheme to defraud was not reliant on the two transfers into his wife's business account. Mauri's money laundering convictions therefore did not merge with his wire fraud convictions. *See Bush*, 626 F.3d at 535.

3. To the extent Mauri advances a double jeopardy challenge, it is meritless because the two statutes at issue involve different elements. *Compare* 18 U.S.C. § 1343, *with* 18 U.S.C. § 1957. *See Brown v. Ohio*, 432 U.S. 161, 166 (1977).

**AFFIRMED**.