**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

STEPHEN J. JOHNSON,
*Defendant-Appellant*.

No. 14-10113

D.C. No.
1:08-cr-00224-
LJO-DLB-12

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted
August 13, 2015—San Francisco, California

Filed February 5, 2016

Before: Alex Kozinski and Richard C. Tallman, Circuit
Judges, and Lee H. Rosenthal, District Judge.[*]

Opinion by Judge Rosenthal

---

[*] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel vacated a sentence and remanded for resentencing in a case in which the defendant, who was convicted of committing perjury before a grand jury, received an obstruction-of-justice enhancement under U.S.S.G. § 3C1.1 for committing perjury at trial on the underlying perjury charge.

The panel agreed with the parties that the district court erred by applying the § 3C1.1 enhancement without making the requisite express findings that the trial testimony was willfully and materially false.

The panel rejected the defendant's request to instruct the district court that, even if his trial testimony was perjurious, the obstruction enhancement cannot be applied.

The panel wrote that the record does not support the defendant's argument that his trial testimony largely repeated the false grand jury testimony that led to the underlying perjury conviction, and concluded that inconsistencies between the grand jury and trial testimony could make the trial testimony (if found to be willfully and materially false) a "significant further obstruction" under Application Note 7 to 3C1.1. The panel explained that perjury does not have to actually impede a prosecution or trial to be a "significant further obstruction" under Application Note 7. The panel

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

rejected the defendant's contention that applying the enhancement would constitute impermissible double-counting.

The panel remanded for the district court to make express findings as to the willfulness and materiality of the defendant's trial testimony in order to determine whether the obstruction enhancement applies, and to resentence accordingly.

The panel rejected the defendant's request to remand to a different district judge.

## COUNSEL

Jerald Brainin (argued), Los Angeles, California, for Defendant-Appellant.

Benjamin B. Wagner, United States Attorney, Camil A. Skipper, Assistant United States Attorney, Mark E. Cullers (argued) and Laurel J. Montoya, Assistant United States Attorneys, Fresno, California, for Plaintiff-Appellee.

**OPINION**

ROSENTHAL, District Judge:

This case asks us to examine whether and when it is proper to enhance a defendant's sentence for obstructing justice by committing perjury during a trial on a charge that the same defendant had obstructed justice on an earlier occasion. Other circuits have addressed the sentencing consequences of committing perjury to try to avoid a perjury conviction, but we have not.

Stephen Johnson was indicted for obstructing justice by lying under oath to a grand jury about his role in impeding an investigation by warning the targets about an impending police raid. During the trial on that charge, Johnson testified and allegedly lied under oath again. The district judge applied the obstruction-of-justice enhancement under § 3C1.1 of the United States Sentencing Guidelines (U.S.S.G.) based on Johnson's trial testimony, without expressly finding that the testimony was willfully and materially false. Our precedent requires these findings before the sentencing enhancement can be applied. *United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014).

The parties agree that we must vacate the sentence and remand for resentencing. The question is whether we should remand for the district court to decide whether the trial testimony was willfully and materially false, or whether we should instruct the district court that it cannot apply the enhancement as a matter of law. This in turn requires us to address Johnson's arguments that the sentencing enhancement is precluded because his allegedly perjurious trial testimony was not a "significant further obstruction"

under Application Note 7 to U.S.S.G. § 3C1.1. Johnson claims that the trial testimony did not actually hinder or impede the government's investigation or prosecution of the underlying obstruction offense and that enhancing the sentence for the underlying grand-jury perjury conviction based on the later trial perjury is impermissible double counting.

We vacate the sentence and remand for resentencing without the limiting instructions Johnson seeks, and we reject his request that we remand to a different district judge.

## I. BACKGROUND

Johnson retired from his law-enforcement career to own and run a business in Modesto, California raising and training drug- and bomb-sniffing dogs for hire by law enforcement, the military, and private clients. Johnson's private clients included suspected Hells Angels members who hired him "to perform preventative canine searches of [their motorcycle shop] so that they could locate and dispose of any drugs or other contraband found on the premises." *United States v. Ermoian*, 752 F.3d 1165, 1167 (9th Cir. 2013). Johnson was not a gang member or closely affiliated with the gang.

The Central Valley Gang Impact Task Force, a federally funded group coordinating local efforts to eliminate gang-related crimes in California's Central Valley, began investigating Hells Angels members who it learned were trying to establish a Modesto chapter. The task force suspected that sources associated with local law enforcement were leaking confidential information to the Hells Angels members under investigation. The task force issued an "Officer Safety Bulletin" containing false information about

a planned police raid to identify who was passing information to the suspected gang members. Johnson was among those who heard about the Bulletin and warned suspected Hells Angels members about an impending police raid.

Johnson was recorded in two telephone conversations on September 20, 2007. In one conversation, Johnson called Robert Holloway, a suspected Hells Angels member, and told him to leave the gang's motorcycle shop immediately. Later that same day, Johnson was on the phone during a call to Holloway from Gary Ermoian, a private investigator working for the Hells Angels. Johnson warned Holloway that law-enforcement surveillance vehicles were parked outside the gang's motorcycle shop.

When federal agents interviewed Johnson, he denied any involvement in tipping off Holloway, contrary to what the recorded telephone calls revealed. Johnson was subpoenaed to testify before the grand jury. He denied, under oath, any intent to leak information to the gang. Although Johnson admitted that he had called Holloway and had taken part in a second call with Ermoian and Holloway, he maintained that he did not intend to warn Holloway about police action against the gang. Johnson admitted giving Holloway information about the police but testified that he did it as a "joke" to "fuel [Holloway's] paranoia."

Johnson was indicted on one count of conspiring to obstruct, influence, or impede an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and (k); two counts of making false statements to law enforcement, in violation of 18 U.S.C. § 1001; and five counts of committing perjury before the grand jury, in violation of 18 U.S.C. § 1623. Johnson testified at trial, repeating some of what he had said

to law-enforcement agents and to the grand jury, but also making statements inconsistent with what he had previously said. Contrary to his grand jury testimony, Johnson asserted that he had made everything up to induce Holloway into signing a new canine-search contract, and he denied any role at all in the second call.

The jury convicted Johnson on all counts, including the charge of obstructing justice by lying to the grand jury. The judge sentenced him to serve 21 months.

This is Johnson's second appeal. In the first appeal, the panel reversed Johnson's conspiracy conviction but did not disturb his convictions for making false statements and for committing perjury before the grand jury. *See Ermoian*, 752 F.3d at 1173 & n.7. On remand, the district court grouped the false-statement and grand-jury perjury convictions under U.S.S.G. § 2J1.3; added a two-level enhancement for obstruction of justice under § 3C1.1 based on Johnson's trial testimony; and refused to apply a two-level reduction for acceptance of responsibility under § 3E1.1. The court nevertheless varied downward from the Guidelines range of 21–27 months and imposed a 15-month sentence. This second appeal is from that sentence. Johnson challenges it as procedurally erroneous and substantively unreasonable.

## II.  THE STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Our review of a sentence is "for reasonableness; 'only a procedurally erroneous or substantively unreasonable sentence will be set aside.'" *United States v. Christensen*, 732 F.3d 1094, 1100 (9th Cir. 2013) (quoting *United States v. Carty*, 520 F.3d 984, 993 (9th

Cir. 2008) (en banc)). "Procedural errors include, but are not limited to, incorrectly calculating the Guidelines range, treating the Guidelines as mandatory, failing to properly consider the [18 U.S.C.] § 3553(a) factors, using clearly erroneous facts when calculating the Guidelines range or determining the sentence, and failing to provide an adequate explanation for the sentence imposed." *Id.* (quoting *United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008)). "We review the district court's interpretation of the [G]uidelines de novo" and "the substantive reasonableness of the sentence for an abuse of discretion." *United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014).

## III. DISCUSSION

Both sides ask us to vacate and remand for resentencing because the district court erred by enhancing the sentence without making the findings necessary to show that Johnson's trial testimony was, in fact, perjury. We agree. But Johnson goes further and asks us to remand with an instruction that even if his trial testimony was perjurious, the obstruction enhancement cannot be applied. We reject that request, as well as his request to remand to a different judge for resentencing.

## A. The Obstruction Enhancement

Section 3C1.1 of the Sentencing Guidelines provides:

> **Obstructing or Impeding the Administration of Justice**

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede,

> the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

U.S.S.G § 3C1.1. A district court applying the enhancement based on perjury must expressly find that "(1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent." *Castro-Ponce*, 770 F.3d at 822 (internal quotation marks omitted). Because the district court did not make the required express findings, we must vacate the sentence and remand.

Johnson contends that even if the district court finds on remand that his trial testimony was willfully and materially false, that testimony cannot be the basis for the obstruction enhancement because it largely repeated the false grand jury testimony that led to the underlying perjury conviction. Johnson cites Application Note 7 to § 3C1.1, which precludes applying the enhancement to an underlying obstruction offense (such as perjury) unless "a significant further obstruction occurred during the investigation, prosecution, or sentencing of the obstruction offense itself (*e.g.*, if the defendant threatened a witness during the course of the prosecution for the obstruction offense)." U.S.S.G. § 3C1.1 cmt. 7.[1]

---

[1] Johnson argues that the government waived its arguments on this issue by failing to raise them in its answering brief. Although the government's failure to assert an available argument in its answering brief generally waives that argument, "we may consider an issue regardless of waiver if

The record does not support Johnson's argument. While his trial testimony repeated some of the grand jury testimony that was the basis for the five counts of conviction at trial, it also introduced new falsehoods. Contrary to his grand jury testimony that he warned a gang member of an impending police raid as a joke, Johnson testified at trial that he used the raid threat to persuade the gang member to sign a contract for Johnson's canine drug-sniffing services. Contrary to his grand jury testimony and to his statements on the wiretap recordings, Johnson testified at trial that he was never on the phone call that Ermoian, one of the codefendants, made to pass along Johnson's warning about the police raid. These and other inconsistencies between the grand jury and trial testimony could make the trial testimony (if found to be wilfully and materially false) a "significant further obstruction."[2]

Johnson also claims that the enhancement cannot apply because his trial testimony, even if perjurious, "could not have hindered the jury's deliberations or otherwise impeded the government's prosecution of the underlying perjury

---

the issue is purely one of law and the opposing party will suffer no prejudice . . . ." *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 886 (9th Cir. 2003); *see also United States v. Mi Kyung Byun*, 539 F.3d 982, 987 (9th Cir. 2008); *United States v. Berger*, 473 F.3d 1080, 1100 n.5 (9th Cir. 2007). When, as here, the issue not raised in the government's answering brief is a question of law, the relevant record is fully developed, and the parties have responded to requests for additional briefs, there is no prejudice.

[2] Because Johnson's trial testimony differed from his grand jury testimony, we need not reach the issue of whether identical false testimony qualifies as a "significant further obstruction." On this record, the district court need only find that Johnson's statements—both before the grand jury and at trial—were wilfully false and material.

charges in any significant or meaningful way." Johnson points out that the petit jury had a copy of his grand jury testimony and of the recordings of the two phone conversations and would not have been led astray by his trial testimony. But perjury does not have to actually impede a prosecution or trial to be a "significant further obstruction" under Application Note 7 to § 3C1.1. Johnson's argument to the contrary misconstrues the exception, which has only two requirements. First, the defendant's obstructing conduct must be "significant," that is, meaningful or notable, as lying under oath often will be. *See United States v. Dunnigan*, 507 U.S. 87, 97 (1993) (defendant who commits perjury "def[ies] the trial process"). Second, the conduct must be "further," that is, in addition to the underlying offense. Neither "significant" nor "further" adds a requirement that the defendant's obstructive conduct succeed in impeding "the investigation, prosecution, or sentencing of the obstruction offense itself." U.S.S.G. § 3C1.1 cmt. 7.

Application Note 4 to § 3C1.1 cites "examples of the types of conduct to which [the obstruction] enhancement applies." *Id.* § 3C1.1 cmt. 4. Some of these examples expressly require a finding that the defendant's conduct actually hindered the government's efforts. Destroying or concealing evidence "contemporaneously with arrest" does not "warrant an adjustment for obstruction unless it results in a material hindrance to the official investigation or prosecution of the instant offense or the sentencing of the offender." *Id.* § 3C1.1 cmt. 4(D). Making "a materially false statement to a law enforcement officer" may be enhanced only if the statement "significantly obstructed or impeded the official investigation or prosecution of the instant offense." *Id.* § 3C1.1 cmt. 4(G); *see also United States v. Solano-Godines*, 120 F.3d 957, 964 (9th Cir. 1997) ("[A]ctual,

significant hindrance to investigation is necessary when false aliases are given, *not under oath*, during the investigation." (emphasis added) (quoting *United States v. Urbanek*, 930 F.2d 1512, 1515 n.2 (10th Cir. 1991))).

Critically, the Application Notes to § 3C1.1 also give examples of conduct warranting the enhancement without a finding of actual hindrance. Providing "materially false information to a judge or magistrate judge" or "to a probation officer in respect to a presentence or other investigation for the court" may warrant enhancement without showing actual hindrance. *See* U.S.S.G. § 3C1.1 cmt. 4(F), (H). The example of a "significant further obstruction" in Application Note 7—"threaten[ing] a witness during the course of the prosecution for the obstruction offense"—contains no requirement that the witness's testimony have changed because of the threats. *See id.* § 3C1.1 cmt. 7. Similarly, perjured testimony can be the basis for the enhancement without a showing that the testimony actually impeded the government's prosecution or the trial. *See id.* § 3C1.1 cmt. 4(B) (allowing the enhancement for committing perjury). The Guidelines do not limit the exception to Application Note 7 to a later perjury that actually impedes an investigation, prosecution, or sentencing.

The out-of-circuit cases Johnson cites are inapposite. In each case, the uncharged conduct for the obstruction enhancement involved using a false name or identification.[3]

---

[3] *See United States v. Elliott*, 467 F.3d 688, 691 (7th Cir. 2006); *United States v. Williams*, 288 F.3d 1079, 1080 (8th Cir. 2002); *United States v. Manning*, 955 F.2d 770, 774–75 (1st Cir. 1992), *abrogated on other grounds by United States v. Gonsalves*, 435 F.3d 64 (1st Cir. 2006); *United States v. Robinson*, 978 F.2d 1554, 1566 (10th Cir. 1992).

The Guidelines instruct courts not to apply the § 3C1.1 enhancement when a defendant "provid[es] a false name or identification document at arrest, except where such conduct actually resulted in a significant hindrance." *Id.* § 3C1.1 cmt. 5(A). This case, by contrast, involves lying under oath, which is not so limited.

Johnson also argues that applying the enhancement to his trial perjury in a sentencing for his grand jury perjury would penalize him twice for the same conduct. "Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Pham*, 545 F.3d 712, 717 (9th Cir. 2008) (quoting *United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008)). But Johnson testified before two separate tribunals, the grand jury and the petit jury. As noted, his trial testimony not only repeated much of his grand jury testimony but also introduced new statements inconsistent with what he was recorded as saying, what he told law enforcement, and what he testified to before the grand jury. Applying the enhancement to his trial testimony does not penalize him twice for the same perjury. The trial testimony was separate and distinct from the grand jury testimony, given in a different forum and at a later time. *See United States v. Holt*, 510 F.3d 1007, 1012 (9th Cir. 2007) (affirming the district court's application of "two enhancements account[ing] for . . . distinct wrongs").

The Seventh Circuit agrees that applying the § 3C1.1 enhancement in a case like this does not amount to double counting. In *United States v. Lueddeke*, the court rejected the defendant's argument that an upward adjustment "for obstructing the investigation of the initial perjury offense by

continuing to lie to the grand jury and by producing false documents before the grand jury . . . was neither appropriate nor available in a case of multiple acts involving the same kind of misconduct." 908 F.2d 230, 234 (7th Cir. 1990). The court explained that "the Guidelines clearly call for two adjustments in a case where . . . a defendant interferes with one investigation and then also interferes with a resulting investigation of the interference." *Id.* at 234 n.2.

Allowing an obstruction enhancement for subsequent perjury is also consistent with *United States v. Dunnigan*, in which the Supreme Court upheld the constitutionality of applying § 3C1.1. 507 U.S. 87, 94 (1993). The Court noted that "[i]t is rational for a sentencing authority to conclude that a defendant who commits a crime and then perjures herself in an unlawful attempt to avoid responsibility is more threatening to society and less deserving of leniency than a defendant who does not so defy the trial process." *Id.* at 97. That is no less true when, as here, the underlying crime is perjury.

Under Johnson's approach, a defendant who commits perjury to try to avoid responsibility for a previous perjury would escape any consequences unless there was a separate prosecution for that second perjury. Applying the § 3C1.1 enhancement to the second perjury could "deter false testimony in much the same way as a separate prosecution for perjury." *Id.* "[M]ore than a mere surrogate for a perjury prosecution," the enhancement "furthers legitimate sentencing goals relating to the principal crime, including the goals of retribution and incapacitation." *Id.* Applying the obstruction enhancement to Johnson's false trial testimony does not impermissibly penalize him twice for the same

conduct if the district court finds that his trial testimony was false, willful, and material.[4]

We remand for the district court to make express findings as to the willfulness and materiality of Johnson's trial testimony in light of *Castro-Ponce* in order to determine whether the obstruction enhancement applies, and to resentence accordingly.[5]

---

[4] Our conclusion is consistent with that of other circuits. *See United States v. McCoy*, 316 F.3d 287, 288–89 (D.C. Cir. 2003) (per curiam) ("Lying under oath to protect oneself from punishment for lying under oath seems to us—and to the Supreme Court—to be precisely the sort of 'significant further obstruction' to which Note 7 refers." (citing *Dunnigan*, 507 U.S. at 97)); *United States v. Pattan*, 931 F.2d 1035, 1043 (5th Cir. 1991) (affirming under plain-error review enhancing the sentence under a conviction for perjury before the grand jury based on "evidence in the record of [the defendant's] further false statements to the trial jury, to the FBI investigator, and to his attorney after trial"); *see also United States v. Fernandez*, 389 F. App'x 194, 203–04 (3d Cir. 2010) (the defendant's "perjury at trial constitutes a 'significant further obstruction' during the prosecution of his perjury before the grand jury." (citing *McCoy*, 316 F.3d at 289)); *United States v. Brewer*, 332 F. App'x 296, 310 n.9 (6th Cir. 2009) ("[T]he district court properly concluded that the exception to Application Note 7 applied in situations, such as this, where a defendant took the stand in a perjury trial." (citing *McCoy*, 316 F.3d at 289)).

[5] Johnson also argues that the district court erred in failing to recognize its discretion to apply both an obstruction enhancement and an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1, failing to consider his relative culpability argument, and imposing a custodial sentence that was longer than necessary. We leave these arguments for the district court to consider on remand.

## B.  Reassignment on Remand

Johnson argues that we should assign this case to a different judge on remand.  He points to the sentencing judge's denial of his motion for bail pending appeal before he could file a reply and to statements made during sentencing.[6]

"Absent personal bias, remand to a new judge is warranted only in rare circumstances."  *United States v.*

---

[6] Johnson cites the following statements:

- "I don't understand why [Johnson's trial testimony] is not further—why that furtherance of the perjury is not obstruction."

- "If [the jury] conclude[s] that it's not truthful, they rely on it in a different manner and they deal with it in a different manner.  But it is certainly further obstruction."

- "But when you get up and lie again in front of a jury in a courtroom, that's not the same thing [as lying before a grand jury].  You may tell the same lie, but it is not the same thing.  It is further obstruction and it is significant further obstruction."

- After Johnson told the court that he "just came up with this wild-ass story" about the impending law enforcement raid to scare the Hells Angels into signing a contract with him for more canine-sniff work, the court responded that the story "turned out to be true."

- "I don't think that there is acceptance of responsibility when you lie before a jury.  I'm talking about not the Grand Jury.  I'm talking about the jury in criminal."

*Huckins*, 53 F.3d 276, 280 (9th Cir. 1995); *see also Krechman v. Cty. of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013). We consider "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Krechman*, 723 F.3d at 1111–12 (internal quotation marks omitted). "The first two factors are equally important and a finding of either is sufficient to support reassignment on remand." *Id.* at 1112.

The sentencing judge's comments about Johnson's trial testimony and the denial of Johnson's motion for bail pending appeal did not demonstrate personal bias or suggest that the judge would have substantial difficulty putting out of his mind any previously expressed erroneous views. *See id.* (rejecting the plaintiff's reassignment request even though the presiding judge "made several off-color comments that may not have been well-received" because "the record [did] not suggest that he was unfair"). Reassignment is not needed to preserve justice or the appearance of justice and would entail unnecessary waste and duplication. We deny Johnson's request to reassign this case to a different judge on remand.

## IV.  CONCLUSION

We vacate Johnson's sentence and remand for the district court to make explicit findings on the willfulness and materiality of Johnson's false trial testimony. We do not reach Johnson's additional arguments about applying the

acceptance-of-responsibility adjustment, his relative culpability, or substantive reasonableness. The sentence is reversed, and this action is remanded to the district court for resentencing.

**VACATED and REMANDED for resentencing.**