NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE MYERS, as Guardian Ad Litem for L. MYERS, a minor, individually,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant - Appellee. | No. 14-56895<br><br>D.C. No. 3:02-cv-01349-BEN-MDD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Court Judge, Presiding

Argued and Submitted June 6, 2016
Pasadena, California

Before: KOZINSKI, and RAWLINSON, Circuit Judges, and BENNETT, Senior District Judge.[**]

Plaintiff Christine Myers seeks damages from the United States for injuries

to her child, L. Myers, allegedly caused by exposure to toxic heavy metal thallium.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Mark W. Bennett, Senior District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

The thallium allegedly came from soil dumped by a Navy contractor into a landfill adjacent to L. Myers's residence and school during a soil remediation project at Camp Pendleton in 1999 and 2000. In 2009, three years after phase one of the bench trial was submitted, the district judge ruled the United States did not breach any duty in conducting the soil remediation project and the "discretionary function" exception to tort liability of the United States deprived the court of subject matter jurisdiction. On Myers's first appeal, we reversed and remanded for trial phases two ("actual and proximate causation") and three ("damages"), but we declined Myers's request to reassign the case to a different judge. *Myers v. United States*, 652 F.3d 1021, 1037-38 (9th Cir. 2011) (*Myers I*). After a second bench trial in early 2013, the district judge entered a lengthy and thorough decision. He found the breaches of duty we had identified were not the cause of any injuries and, based on several alternative holdings, directed entry of judgment for the United States. *Myers v. United States*, No. 02cv1349-BEN, 2014 WL 6611398 (S.D. Cal. Nov. 20, 2014). This second appeal followed. We affirm.

**1.** Myers contends the district judge erroneously failed to recuse himself on remand, pursuant to 28 U.S.C. § 455(a), because of his bias and lack of impartiality. Myers did not file a formal motion for recusal before the district court. "Failure to move for recusal at the trial level . . . does not preclude raising

2

on appeal the issue of recusal under [28 U.S.C.] § 455," *Noli v. Comm'r*, 860 F.2d 1521, 1527 (9th Cir. 1988), but it ordinarily means that review is for plain error, *United States v. Holland*, 519 F.3d 909, 911 n.1 (9th Cir. 2008). At a hearing on the record almost five months after our decision in *Myers I*, the district judge expressed his unhappiness with the remand, this panel's decision, and even members of this panel. Myers's counsel then stated that he "underst[oo]d the court's feeling about [a panel member] and the finding that he made," but that counsel "d[id]n't want [L.] Myers to get caught in that cross fire." Tr. of Hr'g 12/05/11, 20:10-14. The district judge responded, "I think you asked for me to be removed and some other judge to be—that is not going to happen." *Id.* at 20:15-17 (referring to Myers's request in *Myers I* briefing that, if a remand was ordered, it should be assigned to a new judge). Myers's counsel clearly stated grounds for the judge's recusal; her failure to make a formal motion for the judge's recusal was excusable, as doing so would have been futile, in light of the judge's response; we construe her counsel's comments as a motion for recusal; and we review the judge's refusal to recuse himself for abuse of discretion. *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015).

A substantial part of Myers's opening brief in this appeal is devoted to the district judge's statements about members of this panel and this panel's remand

decision as indicative of, or as the basis for, his bias and lack of impartiality. Myers argues such expressions warranted recusal under 28 U.S.C. § 455(a) and suggests they violated the Code of Conduct for United States Judges. Inexplicably, the United States did not deign to respond to that argument in its answering brief, even though it was Myers's lead argument.

When questioned at oral argument, counsel for the government attempted to explain this omission on the ground that he did not believe that the issue of the district judge's unhappiness with the panel and its decision was relevant or that it was a strong argument for recusal. We disagree. We are troubled by the cavalier attitude expressed by counsel for the government in the brief and at oral argument. His view of the issue does not justify a complete failure to address it; indeed, failure to address an issue in an answering brief may waive any argument on the issue. *See, e.g., United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) (en banc) (stating, "Generally, an appellee waives any argument it fails to raise in its answering brief," but noting exceptions); *see also United States v. Johnson*, 812 F.3d 757, 762 n.1 (9th Cir. 2016) (identifying additional circumstances as exceptions to waiver). Here, counsel's failure to address the issue is all the more deficient, where the district judge made numerous disparaging comments about

4

this panel's decision and its members that could erode public confidence in the judiciary.

"Section 455(a) of Title 28 of the United States Code requires a federal judge to 'disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" *Liteky v. United States*, 510 U.S. 540, 541 (1994) (quoting § 455(a)). "[P]redispositions developed during the course of a trial will sometimes (albeit rarely) suffice" to cause a judge's impartiality to be reasonably questioned, *id.* at 554, while "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *id.* at 555. The question is whether the judge's opinions formed on the basis of facts introduced or events occurring in the course of the proceedings "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

There is no question the district judge was unhappy about the remand and with members of this panel at a hearing almost five months after our opinion was filed. Nor is there a question that he was *still* unhappy, more than three years later, at a hearing well over a year after the trial on remand from *Myers I* ended and only a few months before he issued his decision on the second phase of the bench trial. The district judge's comments about this panel are a cause for serious concern. Indeed, the more professional approach would have been for the district judge to

focus solely on the legal issues rather than injecting personal comments that could be easily interpreted as inappropriately attacking members of the panel. Nevertheless, given the very high standard in *Liteky*, we find his comments insufficient to warrant reversal. Similarly, the district judge's alleged predispositions against the plaintiff, her counsel, and her witnesses were developed during the course of trial. *Id.* at 554. Also, his rulings and opinions on issues in the case are reasoned and supported by the record. *Id.* at 555. Thus, we cannot conclude that the district judge "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Myers is not entitled to remand or other relief on the ground that the district judge's failure to recuse himself pursuant to § 455(a) was an abuse of discretion.

2.      Next, Myers contends the district judge failed to follow the rule of the mandate by regularly making findings contrary to our findings on the prior appeal. Under the rule of the mandate, "[t]he district court may . . . 'decide anything not foreclosed by the mandate'. . . . But . . . commits 'jurisdictional error' if it takes actions that contradict the mandate." *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) (quoting *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). The mandate after the first appeal was that the United States breached its mandatory duties to review the health and safety plan (HASP) and to ensure

6

adherence to the safety plan in conducting the remediation project, *Myers I*, 652 F.3d at 1036-37, and the district judge was to conduct the "actual and proximate causation" phase and the "damages" phase of the bench trial, *see id.* at 1037. The district judge did not violate the mandate on remand by attempting to vary from or revisit our decision on breaches of duty, but proceeded to the "causation" phase of the trial, as directed, taking those breaches of duty as decided. *Stacy*, 825 F.3d at 568. Myers's claims of "contrary findings" by the district judge do not withstand careful scrutiny. Rather, she reads our findings or the district judge's findings more narrowly or broadly than the language used will bear or simply reads them out of context. No remand or other relief is required on this second ground, either.

3.      Myers argues the district judge erred by disregarding the opinions of her experts because the district judge erroneously found her counsel improperly "poisoned the well" and "manipulated" their opinions. She contends the experts were all treating physicians who had formed and expressed their opinions based on treatment, before her counsel provided them with publicly available information on thallium, reports of others, or lab tests. "The mere fact that an expert witness has talked with a party's lawyer and then altered his or her opinion language, *though it might be considered relevant*, does not *require* a factfinder to find that expert witness is other than credible." *Hawaii Stevedores, Inc. v. Ogawa*, 608 F.3d 642,

7

650 (9th Cir. 2010) (emphasis added). On the other hand, where a treating physician or expert is exposed to information that was not obtained from examination or treatment, but from a party's counsel, the factfinder may reasonably believe the information influenced or colored the treating physician's or expert's subsequent testimony. *Cf. id.* Indeed, while there may be good reasons for providing treating physicians or experts with materials outside of their own examination and treatment records prior to depositions or trial testimony, Myers provided none. Ultimately, it is clear that "[f]acts casting doubt on the credibility of an expert witness . . . are questions reserved for the fact finder." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1053 (9th Cir. 2014). No remand or other relief is required on this ground.

**4.** Myers's last contention is that the district judge erred by denying her motion to shift the burden to the United States to prove its negligence was not the proximate cause of L. Myers's injuries. Under California law, a "shift of the burden of proof . . . may be said to rest on a policy judgment that [1] when there is a substantial probability that a defendant's negligence was a cause of an accident, and [2] when the defendant's negligence makes it impossible, as a practical matter, for plaintiff to prove 'proximate causation' conclusively, it is more appropriate to hold the defendant liable than to deny an innocent plaintiff recovery, unless the

8

defendant can prove that his negligence was *not* a cause of the injury." *Haft v. Lone Palm Hotel*, 3 Cal. 3d 756, 774 n.19 (1970) (emphasis in the original). This is a "narrow exception to the usual allocation of proof." *Thomas v. Lusk*, 27 Cal. App. 4th 1709, 1717 (1994).

Here, the district judge refused to invoke the exception, because he found uncertainty (*i.e.*, no substantial probability) as to either L. Myers's injuries or whether any such injuries were caused by thallium dust escaping from the landfill, citing *Jones v. Ortho Pharmaceutical Corp.*, 163 Cal. App. 3d 396, 406 (1985), which in turn cites *Haft*. Myers argues there is "no doubt" L. Myers suffered injury and the cause of her inability to prove causation with certainty is the negligence of the United States. We disagree.

First, the district judge did not erroneously conclude the evidence of injury from thallium exposure was uncertain. The district judge reasonably concluded the claim of elevated thallium in L. Myers's system was based on only one urine test "reported out" by the tester, but that test was not reliable. The district judge also identified evidence casting doubt on whether any of L. Myers's alleged symptoms or injuries were the result of thallium exposure or were actually injuries at all. That evidence included, but was not limited to, evidence that L. Myers's younger sister, for whom thallium exposure was never alleged, also suffered from alopecia

9

(hair loss) a few years after L. Myers did, suggesting that the cause of both girls' hair loss was genetic, rather than thallium exposure. *Lone Palm Hotel*, 3 Cal. 3d at 774 n.19 (first requirement). Similarly, extensive sampling of L. Myers's yard, house (inside and outside), other family members, pets, and school showed no elevated thallium levels, suggesting that no thallium dust had escaped from the landfill. *Id.* Such extensive testing also demonstrates that the defendant's breaches of duty in dust monitoring did not "make[] it impossible, as a practical matter, for plaintiff to prove 'proximate causation' conclusively," if there was evidence of causation to be found. *Id.* (second requirement).

No remand or other relief is required on this last ground.

**AFFIRMED.**