TASHIMA, Circuit Judge, concurring in part and dissenting in part: Although I concur in the rest of the opinion, I respectfully dissent from the majority’s decision to reassign the case on remand. As the majority acknowledges, we reassign a case only in “rare and extraordinary circumstances.” Krechman v. Cty. of Riverside, 723 F.3d 1104, 1112 (9th Cir. 2013) (quoting Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd., 880 F.2d 176, 191 (9th Cir. 1989)). The circumstances here were neither rare nor extraordinary. At sentencing, the district judge undoubtedly used, strong language. For example, the judge said, “[T]here’s one thing that’s absolutely clear to me beyond a reasonable doubt, and that is that James Wells is a cold-blooded murderer”; ‘You can fight for your innocence, but that won’t make you innocent, because you’re guilty” ; ■ and “Two men- cut down in their prime by an angry, selfish, .jealous, narcissistic, and envious man.” - While the district judge’s comments may not have been “as restrained as we would wish them to be,” that alone does not justify reassignment. California v. Montrose Chem. Corp., 104 F.3d 1507, 1521 (9th Cir. 1997). It is perfectly appropriate for a judge to express his opinion of the defendant’s guilt at sentencing, after the jury has returned its guilty verdict. After all, if the judge believes that the verdict is a miscarriage of justice, he or she should either grant an acquittal or a new trial—not sentence a defendant he or she believes to be innocent. Moreover, 18 U.S.C. § 3553(a) obligates a sentencing judge, on the record, to “consider the -nature and circumstances of the offense and the history and characteristics of the defendant.” United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citing 18 U.S.C. § 3553(a)(1)). The district court must also state its reasons for imposing the given sentence, in order to permit meaningful appellate review. 18 U.S.C. § 3553(c). The majority’s decision forces a sentencing judge to justify her sentence without being too firm, or to risk reassignment in the event of remand. That is an unenviable position. When we reverse a conviction and remand for a new trial (or resentencing), we routinely remand to the same judge who presided over the first trial and sentencing. The majority’s decision to require reassignment in the circumstances of this case calls that practice into question and, indeed, opens the door to reassignment based on the whim of the panel. I say “whim,” because the majority’s decision to reassign here is standard-less. In the few other cases in which we have reassigned based on comments the district court made at sentencing, judges explicitly signaled their “substantial difficulty” setting aside previous views. See, e.g., United States v. Quach, 302 F.3d 1096, 1103-04 (9th Cir. 2002) (reassigning where the judge stated he would have denied a sentencing motion that was not brought initially, but could be filed on remand); Benvin v. U.S. Dist. Court for the Dist. of Nev. (In re Benvin), 791 F.3d 1096, 1104 (9th Cir. 2015) (reassigning where the court improperly inserted itself into plea negotiations and had “expressed explicit views on the appropriate terms” of an eventual agreement). By contrast, nothing in the record here suggests that this district judge will be unable to follow this court’s mandate on remand. See United States v. Johnson, 812 F.3d 757, 765 (9th Cir. 2016) (holding sentencing comments about defendant’s credibility did not justify reassignment). All of the judge’s comments which form the basis of the reassignment are based on the trial record, which includes the presentence investigation report of the Probation Officer. The majority, unable to point to any specific, articulable reason why this case should be reassigned to a different district judge on remand, attempts to justify its recusal of the district judge because “at least some of the subject statements [at sentencing] were founded on error,” specifically noting “that the district court relied on the very profile evidence we hold warrants a new trial.” Maj. Op. at 938 n.17. But this focus is misdirected. By definition, when we reverse for a prejudicial eviden-tiary ruling, the court will have based its trial and sentencing decisions, at least in part, on evidence that should not have been admitted. But we don’t routinely require reassignment in such cases. Instead, we ask whether the record discloses any reason why the. district judge cannot set aside his erroneous view and follow the mandate of this court. As we stated in United States v. Wolf Child, 699 F.3d 1082 (9th Cir. 2012): .Although the district judge erred in making remarks expressing the view that Wolf -Child categorically presented a danger to all children, including his own daughters, we believe our opinion gives sufficient guidance that, should he determine that it is necessary to impose new conditions, relating to Wolf Child’s being, in the company of other minors, he will impose only suitably narrow conditions that will comply with the applicable legal requirements set forth above. Id. at 1102-03. See also Krechman, 723 F.3d at 1112 (“Despite his error of law in the prior, hearing now under appeal, we have no reason to believe that [the district judge] would be unable fairly and correctly to apply the [correct] standard on remand.”). In sum, I do not believe that a judge’s expression of agreement with the verdict, however strong, itself can serve as sufficient evidence that the judge will be unable to afford the defendant a fair retrial. I respectfully dissent from the order of reassignment.