**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50186 |
| Plaintiff-Appellee, | D.C. No. 2:94-cr-00121-SJO-1 |
| v. | |
| EMINIANO A. REODICA, Jr., AKA Roberto Coscolluela, AKA Jun Reodica, AKA Seal A, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted September 11, 2018
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

Appellant Eminiano Reodica (Reodica) appeals from the district court's

judgment of conviction based upon the denial of his motion to withdraw his guilty

plea, as well as the district court's sentencing rulings concerning the losses

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

associated with Reodica's scheme to defraud, denial of acceptance of responsibility adjustment, and restitution.

**1.** The district court did not abuse its discretion in denying Reodica's motion to withdraw his guilty plea because Reodica failed to demonstrate "a fair and just reason for requesting the withdrawal." *United States v. Yamashiro*, 788 F.3d 1231, 1236 (9th Cir. 2015) (citation omitted). The transcript of the change of plea proceedings reflects that Reodica was not impaired by any physical or mental illness when he entered his guilty plea,[1] that Reodica understood the factual bases of the charges and felt "well enough" to enter his plea, that no mention was made of any mental trauma associated with the illness of Reodica's father, that Reodica confirmed that his guilty plea was not the result of any threats, and that Reodica received adequate legal representation. The district court correctly concluded that Reodica failed to demonstrate that any statements by his counsel coerced Reodica into pleading guilty, and properly considered Reodica's delay in filing his motion to withdraw his guilty plea as a factor supporting denial of the motion. *See United States v. Garcia*, 401 F.3d 1008, 1013 (9th Cir. 2005) (explaining that delay in filing the motion may be considered "as a barometer of the defendant's candor

---

[1] Although Reodica faults the district court for analyzing the voluntariness of his plea, Reodica's motion was premised in part on his contention that he did not voluntarily enter his plea due to his mental and physical conditions.

2

with the court about his reasons for withdrawal") (citations omitted). An evidentiary hearing was not warranted because any factual disputes raised by Reodica were resolved by the underlying record. *See United States v. Mayweather*, 634 F.3d 498, 505-06 (9th Cir. 2010) (concluding that an evidentiary hearing was not required due to the lack of factual disputes concerning the defendant's guilty plea).

> **2.** The district court did not clearly err in imposing an upward departure of four levels pursuant to United States Sentencing Guideline § 2F1.1 cmt. n.10 (1987), based on extensive losses resulting from Reodica's fraudulent conduct. The government provided a summary of bank claims totaling $64,246,964.53 filed in the course of associated bankruptcy proceedings. However, in its more conservative estimation, the government relied on losses of $33.5 million provided by the Federal Deposit Insurance Corporation based on a worksheet reflecting the "total actual loss from the crime committed by" Reodica. These documents amply supported the district court's imposition of the four-level enhancement. *See United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008) (reviewing for clear error and explaining that "[t]he loss need not be determined with precision, but need only be

a reasonable estimate given the available information") (citation, alterations, and internal quotation marks omitted).[2]

    **3.**    Neither was the district court's denial of an acceptance of responsibility reduction clearly erroneous. Although the district court mentioned that Reodica delayed his trial through several continuances and did not plead guilty until the day before his trial was scheduled to commence, the district court emphasized that Reodica attempted to withdraw his guilty plea and did not express remorse for his fraudulent conduct until the sentencing hearing. These were sufficient reasons for denying Reodica's request for an acceptance of responsibility reduction. *See United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017) (applying a clear error standard of review). We reject Reodica's argument that his sentence must be vacated because the district court considered impermissible factors. *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1270 (9th Cir. 2013) ("A district court does not commit reversible error, however, simply because it notes the fact that the defendant went to trial, so long as the court bases its final decision on the facts of the case and record as a whole.").

---

[2] Reodica also asserts that the district court erred in including interest in the loss amount. However, even excluding interest, the district court's loss calculation would not be clearly erroneous given its conservative estimation of the amount of loss.

**4.**     Reodica asserts that the district court improperly ordered restitution because the government failed to demonstrate that any losses to specific victims were directly attributable to his fraudulent conduct.  The government agrees that the restitution order should be vacated and remanded to apply the correct standard.  *See United States v. Rodrigues*, 229 F.3d 842, 844 (9th Cir. 2000) (clarifying that "[a]lthough substantial amendments to the [Victim and Witness Protection Act] were enacted in 1990, we apply the statute as it existed at the time of the offense conduct") (citations omitted).  Reodica's offense conduct occurred prior to 1990, and a remand is warranted for the district court to apply the pre-1990 standard permitting an award of restitution "only for the loss caused by the specific conduct that is the basis of the offense of conviction."  *Id.* at 845 (citations and footnote reference omitted).[3]

        **AFFIRMED in part, VACATED and REMANDED in part.**

---

[3]  Reassignment to a different judge is not warranted because Reodica fails to demonstrate any bias or unfairness warranting reassignment.  *See United States v. Johnson*, 812 F.3d 757, 765 (9th Cir. 2016) (rejecting request for reassignment because "[r]eassignment [was] not needed to preserve justice or the appearance of justice and would entail unnecessary waste and duplication").