NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. KARLA PATRICIA RODRIGUEZ, Defendant-Appellant. | No.   23-50003 D.C. No. 3:19-cr-04615-AJB-2 MEMORANDUM* |
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. DAVID ELIAS MARTINS, Defendant-Appellant. | No.   23-50004 D.C. No. 3:19-cr-04615-AJB-1 |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted May 10, 2024
Pasadena, California

Before:  WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge BENNETT.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

In this consolidated appeal, Defendants Karla Rodriguez and David Martins appeal their sentences for knowingly distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1), which resulted in the death of an individual referred to as N.A.R. We remand Rodriguez's case for resentencing, and we affirm Martins's sentence.

1. Rodriguez's Sentence

Rodriguez argues the district court erred by applying a 2-point enhancement for obstruction of justice, applying a 25-level "resulting in death" departure, and imposing a substantively unreasonable sentence.

The district court failed to make a sufficient materiality finding explaining its application of the U.S.S.G. § 3C1.1 obstruction enhancement to Rodriguez. "In reviewing a sentence, we first consider whether the district court committed significant procedural error." *United States v. Brooks*, 610 F.3d 1186, 1198 (9th Cir. 2010) (citing *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc)). "It would be procedural error for a district court to fail to calculate—or to calculate incorrectly—the Guidelines range . . . ." *Carty*, 520 F.3d at 993; *see also United States v. Tankersley*, 537 F.3d 1100, 1109–10 (9th Cir. 2008). When a district court incorrectly applies an enhancement, it miscalculates the guidelines range, and commits significant procedural error. *See, e.g.*, *United States v. Johnson*, 812 F.3d 757, 761–65 (9th Cir. 2016); *United States v. Rising Sun*, 522 F.3d 989, 997 (9th

Cir. 2008).

The district court erred by applying the obstruction enhancement because it did not make a finding on materiality, and therefore did not make a finding that "encompasse[d] all of the factual predicates" for obstruction of justice. *United States v. Flores*, 802 F.3d 1028, 1048 (9th Cir. 2015) (citation omitted); *see also* U.S.S.G. § 3C1.1 cmt. 4(F). The district court stated during the departure motion hearing that Rodriguez was "totally incredible" and that her "whole story [did not] jive." The court found that the counterfeit oxycontin pills "were acquired in Mexico." However, it went on to state that "[w]hether they were acquired from Mexico or Mr. Mason, I agree it makes no difference. The point is there is a lack of candor." Later, at sentencing, the court stated that Rodriguez's lack of credibility "boded in [its] finding . . . of the foreseeability of the misconduct leading to death." But the district court never explained how any of Rodriguez's false testimony bore on the foreseeability of N.A.R.'s death or any other relevant matters potentially encompassed by the obstruction enhancement.[1] Accordingly, no factual

---

[1] The dissent argues that "Rodriguez's lie about where she obtained the drugs is material to the likelihood of N.A.R.'s death, because she bought the pills from her brother in Tijuana and because of that she knew their potency." Dissent at 2. But the district court did not make this materiality finding, and we are not free to make it in the first instance. *See United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103–04 (9th Cir. 2007) (noting that "the materiality of a false statement is one of the factual predicates of an obstruction enhancement" and that "we must remand where the district court failed to make a finding on this point").

3

findings demonstrate the materiality of Rodriguez's false statements. Because the district court's procedural error warrants remand for resentencing, we do not reach any of the remaining issues. *Johnson,* 812 F.3d at 765–66; *Rising Sun*, 522 F.3d at 997. On remand, the district court is free to reconsider whether to apply the obstruction enhancement, but if it chooses to apply that enhancement, it must make the required materiality findings.

2. Martins's Sentence

Martins argues the district court imposed an unreasonable sentence based on an upward departure of 25 levels due to N.A.R.'s death and erred in omitting the drug type and quantity as an element of the offense.

A. Martins's sentence is not substantively unreasonable. Our "review of upward departures from the advisory Guidelines merges with [our] review of the ultimate sentence for reasonableness, and is not reviewed as a separate issue." *United States v. Lichtenberg*, 631 F.3d 1021, 1027 n.8 (9th Cir. 2011) (citing *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006)). We do "not review the procedural correctness of a district court's discretionary decision to depart from the Guidelines range." *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005 (9th Cir. 2012). The reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). The district court included a 25-level adjustment to Martins's guidelines range "by way of departure or [§]

4

3553(a) upward variance," because Martins "knowingly risked danger, injury, [and] death to N.A.R.," because he "knew the [victim] was in treatment" and that N.A.R. "was intoxicated," but Martins nevertheless "brought [N.A.R.] these pills that were expressly stated to be pretty strong." The district court found that those facts made N.A.R.'s death foreseeable to Martins, because it is "very foreseeable that when addicts take additional drugs . . . adverse consequences come about." Martins's sentence, including the district court's departure under § 5K2.1, is not substantively unreasonable, as it is foreseeable that by providing strong narcotics to individuals like N.A.R. who are battling addiction in the way he was, there is an increased risk of serious injury or death.

B. The district court did not err in interpreting the elements of the offense. As Martins recognizes in his reply brief, our decision in *United States v. Collazo*, 984 F.3d 1308 (9th Cir. 2021) (en banc) forecloses Martins's argument that the government was required to prove he knew both the type of drug and the quantity.

**No. 23-50003: VACATED and REMANDED.**

**No. 23-50004: AFFIRMED.**

5

*United States v. Karla Rodriguez*, No. 23-50003
*United States v. David Martins*, No. 23-50004

FILED

JUL 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENNETT, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority's reasons for affirming Martins's sentence. But because I believe the district court properly applied the U.S.S.G. § 3C1.1 obstruction enhancement to Rodriguez's sentence, I respectfully dissent from the majority's decision to vacate and remand in that case. I would affirm the district court's imposition of a 75-month sentence.

As the majority notes, the district court stated Rodriguez's lie about where she obtained the drugs "boded in [its] finding . . . of the foreseeability of the misconduct leading to death." The district court went further, however:

> Given the measure of the conduct and the resultant death here, that would mean -- and I also think the -- the credibility finding with regard to Ms. Rodriguez underscores why the obstruction enhancement -- or specific offense characteristic is also prudent.

At an earlier hearing, the district court further explained:

> I thought Ms. Rodriguez was totally incredible with -- and this has now been supported by the GPS readings. The whole story doesn't jive. And it was clear from the record the blue pills weren't the sex pills. The blue pills were the oxy. It's clear from the record that they -- to me, they were acquired in Mexico.
> ***
> But, as I said, I have a hard time buying your story. The GPS shows indeed you didn't go home to get the drugs that were there. There's a lot of talk about buying the ten pills, yet there's 38 more sitting in the tray of your car. None of this shows you're being honest with the Court, in my view.

1

Rodriguez's lie about where she obtained the drugs is material to the likelihood of N.A.R.'s death, because she bought the pills from her brother in Tijuana and because of that she knew their potency. Rodriguez's brother informed her of how strong these particular pills were, which she then relayed to Martins.

Because Rodriguez lied about where she obtained the drugs, including lying about obtaining them from a dealer in San Diego rather than her brother, her lie directly related to her knowledge of the strength and quality of the drugs which ultimately led to N.A.R.'s death. Consistent with the district court's finding, Rodriguez's lie did relate to the resulting in death enhancement.

In determining whether N.A.R.'s death was foreseeable, the district court had to evaluate whether Rodriguez knew or should have known that death or serious injury could occur. A fact material to that evaluation was what Rodriguez knew regarding the strength of those drugs. Rodriguez knew the strength of those drugs because she bought them from her brother in Tijuana (whom she had purchased from before) rather than an unknown dealer in San Diego. But Rodriguez lied about the source of the drugs. Because Rodriguez's knowledge of the strength of the drugs was due to where she bought the drugs, and from whom, and she then lied about that purchase, her lie is material to the resulting in death enhancement, as the strength of the drug directly relates to how foreseeable N.A.R.'s death was to Rodriguez. The

2

district court sufficiently explained that point by noting that Rodriguez's falsehoods "boded in [its] finding . . . of the foreseeability of the misconduct leading to death."

Moreover, not only were Rodriguez's falsehoods obstructive in that they were material to the application of the foreseeability of death enhancement, but they were also obstructive to law enforcement's investigation into N.A.R.'s death. Section 3C1.1 of the Sentencing Guidelines provides that:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

Rodriguez admits that right after her arrest, she lied to law enforcement about where she got the pills. As the Probation Officer discussed in the Addendum to Rodriguez's Pre-Sentence Report:

> **1. PSR paragraph 64:** The defendant objects to the two-level increase for Obstruction of Justice per USSG § 3C1.1. The defendant admits that she lied about where she got the pills immediately after her arrest, she then admitted that he illegally obtained them and gave them to MARTINS. She also states that she later met with the AUSA and case agent and gave an admission about where she obtained the pills. On behalf of the defendant, defense counsel states that that aspect of the defendant's statement did not materially affect the prosecution of the case and she and MARTINS both admitted to the essential element of distribution to another person.

> **Probation Officer's Response:** The guideline definition for Obstructing or Impeding the Administration of Justice i[s] outlined in the PSR. It clearly states that if the defendant willfully obstructed or

impeded, or attempted to obstruct or imped[e], the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense, a two-level increase is justified. The undersigned is aware that at some point of the proceedings, the defendant provided an admission about where the drugs were obtained. However, her initial post arrest statements were false and misled law enforcement. Although, the defendant does not believe her false account did not materially impact the prosecution, it nonetheless, matches and rises to the level of the definition for the guideline increase. [1]

The district court found Rodriguez to be "totally incredible" and that "[n]one of this [evidence] shows [she was] being honest with the Court." Because Rodriguez admits she lied, because her lies were material in that they obstructed the investigation and the district court's ability to administer justice here, and because

---

[1] The original discussion in the PSR:

> 64. **Adjustment for Obstruction of Justice:** Pursuant to USSG §3C1.1, if (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by two levels. Post arrest and during court proceedings, RODRIGUEZ advised that she obtained the drugs from a man with facial tattoos in Barrio Logan for $100. When confronted by agents about the below market value, she further stated that she allowed him to touch her inappropriately as additional compensation. However, the investigation reveals that RODRIGUEZ traveled to Tijuana to get the drugs. Thereafter, she still maintained during the bench trial that she did not obtain the fentanyl in Mexico and bring it across the border. Accordingly, it appears she obstructed and impeded the administration of justice and the corresponding two-level increase is justified.

4

the district court sufficiently explained that materiality, I would reject Rodriguez's argument as to the application of the obstruction enhancement.

Because I would reject Rodriguez's obstruction enhancement challenge, I would reach the issue of the substantive reasonableness of her sentence. Like Martins, Rodriguez contests the foreseeability of N.A.R.'s death and argues her sentence of 75 months' imprisonment is substantively unreasonable. Rodriguez's resulting sentence of 75 months—135 months less than the low end of her calculated guideline range—is not so "shockingly high" to constitute an abuse of discretion. *United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012) (en banc) (citation omitted). Rodriguez knowingly transported narcotics, which she knew to be strong, to her boyfriend Martins, a drug addict with no "stop sign" on his addiction. She admitted she lied to police officers about the drugs when she was initially arrested, and the search of her car and residence after that arrest yielded sixty-eight pills of various substances, including narcotics like oxycodone, hydrocodone, and hydromorphone, as well as prescription medication such as Adderall. And Rodriguez's supplying the fentanyl to Martins was a cause-in-fact of N.A.R.'s death. Considering these facts, as well as mitigating factors such as Rodriguez's status as a caregiver, the district court imposed a reasonable sentence. Accordingly, I would affirm in her case as well as Martins.