NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BARRY ALLEN GABELMAN,

Defendant-Appellant.

No. 23-10023

D.C. No. 2:20-cr-00019-JCM-NJK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 14, 2025[**]
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN, District Judge.[***]

Defendant-Appellant Barry Gabelman appeals his conviction under 18

U.S.C. § 2422(b) and sentence of 292 months' imprisonment, lifetime supervision,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

and $5,000 Justice for Victims of Trafficking Act ("JTVA") fine. Gabelman seeks reversal of his conviction and a judgment of acquittal on legal-sufficiency grounds. In the alternative, he seeks reversal of his sentence and remand for resentencing due to procedural sentencing errors. The parties are familiar with the facts, so we recount them only as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. § 1291, and we affirm Gabelman's conviction and reverse and remand for resentencing.

"Where preserved, [w]e review de novo the denial of a motion for acquittal" under Fed. R. Crim. P. 29. *United States v. Door*, 996 F.3d 606, 616 (9th Cir. 2021) (quotations and citation omitted). The court (1) considers the trial evidence in the light most favorable to the prosecution and presumes the trier of fact resolved all conflicts in the government's favor, then (2) determines whether this evidence would permit a rational trier of fact to find the crime's essential elements beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc).

Gabelman challenges his conviction on legal-sufficiency grounds. He argues the government failed to establish *mens rea* under § 2422(b) because he testified that he contacted and tried to meet Ellie, a minor, only to bring Ellie's father Cam to justice for trafficking her online.

There was ample evidence at trial to support the verdict. Gabelman took numerous substantial steps in his (1) explicit and repeated communications with 11-year-old Ellie and her father about the sexual acts Gabelman wished to perform on her and to obtain images of her genitals, and (2) arrangement to meet with her for sex. *See United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007) ("[W]hen a defendant initiates conversation with a minor, describes the sexual acts that he would like to perform on the minor, and proposes a rendezvous to perform those acts, he has crossed the line toward persuading, inducing, enticing, or coercing a minor to engage in unlawful sexual activity."). A rational trier of fact could have found the crime's essential elements beyond a reasonable doubt, considering the extensive record of communications among Gabelman, Ellie, and Cam, along with Gabelman's arrival at the rendezvous spot with a condom, then telling officers he was there only to buy a trailer—not to rescue Ellie. The jury seemingly discredited Gabelman's self-serving testimony regarding his state of mind in favor of the prosecution's overwhelming evidence. *See United States v. Selby*, 557 F.3d 968, 976 (9th Cir. 2009) ("[A] trier of fact is not compelled to accept and believe the self serving stories of vitally interested defendants." (citation omitted)).

When, as here, there is sufficient evidence to support the verdict in the trial record, it is not for this court to second guess the jury's weighing of the evidence and assessment of witness credibility. *See Jones v. Wood*, 114 F.3d 1002, 1008 (9th

Cir. 1997) (stating the court "respect[s] the province of the jury" and does not independently assess witness credibility (citation omitted)). Because the trial record lacks any error justifying acquittal, we affirm Gabelman's conviction under § 2422(b).

Gabelman argues even if his conviction stands, he should be resentenced due to procedural errors the district court committed at sentencing. The district court found Gabelman intentionally offered false testimony and applied the obstruction enhancement under U.S.S.G. § 3C1.1. But before the district court may adjust a defendant's sentence for obstruction of justice, it must find that the defendant willfully gave false testimony on a material matter. *United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103 (9th Cir. 2007). The government concedes the district court did not make the requisite finding that Gabelman's false testimony was material, and we agree. We remand to the district court to make the proper findings for an enhancement under U.S.S.G. § 3C1.1. In doing so, the court may consider the other procedural errors the defendant has alleged. *See, e.g.*, *United States v. Johnson*, 812 F.3d 757, 765–66 (9th Cir. 2016) (reversing for failure to make a finding of materiality and declining to reach defendant's additional challenges to his sentence).

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**